## STIPULATION AND AGREEMENT OF SETTLEMENT

# TABLE OF CONTENTS

Page

I.     RECITALS .................................................................................... 1

II.    DEFINITIONS .............................................................................. 4

III.   TERMS OF THE SETTLEMENT ................................................ 7

IV.    RELEASE AND DISMISSAL ..................................................... 13

V.     NOTICE AND SETTLEMENT ADMINISTRATION ............... 16

VI.    DISPUTE RESOLUTION ........................................................... 19

VII.   PRELIMINARY APPROVAL ORDER AND FINAL FAIRNESS
       HEARING ................................................................................... 20

VIII.  FINAL APPROVAL OF SETTLEMENT AND OTHER CONDITIONS 23

IX.    TERMINATION OF SETTLEMENT .......................................... 24

X.     MISCELLANEOUS PROVISIONS ............................................ 26

60536/0001-42291729v2

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement ("Agreement") is entered into by and between Defendants Elevate Credit, Inc. ("Elevate"), Startup Capital Ventures, L.P., Linda Stinson, Michael Stinson, Stephen J. Shaper, and 7HBF No. 2, Ltd. (collectively, "Defendants"), on the one hand, and Plaintiffs Darlene Gibbs, Stephanie Edwards, Lula Williams, Patrick Inscho, Sharon Burney, Chastity McNeil, Alicia Patterson, Earl Browne, Kimetra Brice, Lawrence Mwethuku, George Hengle, Tamara Price and Jill Novorot (together, "Plaintiffs"), on the other hand, on behalf of themselves and all other similarly situated individuals, and as representatives of the Settlement Class, as these terms are defined in Section II.

### I.      RECITALS

The following recitals are material terms of this Agreement, and all capitalized terms are used as defined in Section II, below, except as otherwise defined herein. This Agreement is made in contemplation of the following facts and circumstances.

WHEREAS, October 14, 2018, Darlene Gibbs, Stephanie Edwards, Lula Williams, Patrick Inscho, George Hengle, Tamara Price, and Lawrence Mwethuku filed a class action complaint against certain parties to this agreement in the United States District Court for the Eastern District of Virginia, Case No. 3:18-cv-676 (*Gibbs et al. v. Stinson et al.*) (the "Virginia Action");

WHEREAS on March 21, 2019, Kimetra Brice, Jill Novorot, and Earl Browne filed a class action complaint against certain parties in the United States District Court for the Northern District of California, Case No. 3:19-cv-1481 (*Brice et al. v. Stinson et al.*) (the "California Action");

WHEREAS, on August 14, 2020, Darlene Gibbs, Stephanie Edwards, Lula Williams, Patrick Inscho, Sharon Burney, Chastity McNeil, Alicia Patterson, Earl Browne, Kimetra Brice, and Jill Novorot, and Lawrence Mwethuku filed a class action complaint against Elevate in the

2

United States District Court for the Eastern District of Virginia, Case No. 3:20-cv-632 (*Gibbs et al. v. Elevate Credit, Inc.*) (the "Elevate Action") (the Elevate Action, the Virginia Action, and the California Action, together, "the Actions");

WHEREAS, the Actions alleged various class claims for violations of various state and federal laws;

WHEREAS, Defendants deny any and all claims alleged by Plaintiffs in the Actions, and further deny that any Plaintiffs or any members of the Settlement Class they purport to represent have suffered any injury or damage;

WHEREAS, Plaintiffs and Class Counsel have conducted an investigation of the legal claims at issue, by review and analysis of documents related to Defendants' respective roles in the alleged lending enterprise;

WHEREAS, Plaintiffs and Class Counsel have reviewed and processed, for the claims here, hundreds of thousands of pages of documents in the original claims brought against Defendants, which documents formed the basis for Plaintiffs' allegations in the Actions;

WHEREAS, Plaintiffs and Class Counsel have concluded that it would be in the best interests of the Settlement Class to enter into this Agreement in order to avoid the uncertainties of litigation and to assure benefits to the Settlement Class and that the settlement contemplated hereby is fair, reasonable, and adequate and in the best interests of all members of the Settlement Class;

WHEREAS, Defendants expressly deny all allegations of wrongdoing and liability, and have asserted or would assert numerous defenses, but nevertheless desire to settle the Actions finally on the terms and conditions set forth herein solely for the purposes of avoiding the burden, expense, and uncertainty of continuing litigation, and to obtain the conclusive and complete dismissal of the Actions and release of all Released Claims;

3

WHEREAS, Plaintiffs and Class Counsel have had numerous and exhaustive bilateral settlement negotiations with Defendants' counsel, including multiple mediations before United States Magistrate Judge Mark Colombell and United States Magistrate Judge Thomas Hixson;

WHEREAS, the Parties understand, acknowledge, and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims that have been or could be brought by or on behalf of Plaintiffs or the Settlement Class relating to the conduct at issue in the Actions. This Agreement is inadmissible as evidence against any party except to enforce the terms of the Settlement and is not an admission of wrongdoing or liability on the part of any party to this Agreement; and

WHEREAS, the Parties have now reached a settlement of the Actions. The settlement also settles the Litigation Trust's adversary proceeding filed in the United States Bankruptcy Court for the Northern District of Texas styled as *The Hon. Russell F. Nelms (Ret.), Litigation Trustee for the Think Finance Litigation Trust v. Elevate Credit, Inc. (In re Think Finance, LLC)*, Adv. Pro. No. 20-03099[1];

NOW, THEREFORE, in consideration of the promises and agreements set forth herein, it is hereby STIPULATED AND AGREED, subject to the District Court's approval, that the Actions have been resolved upon and subject to the following terms and conditions:

## II.    <u>DEFINITIONS</u>

2.1    "Actions" means *Gibbs et al. v. Stinson et al.*, Case No. 3:18-cv-676 (E.D. Va.), together with *Gibbs et al. v. Elevate Credit, Inc.*, Case No. 3:20-cv-632 (E.D. Va.); *Brice et al. v.*

---

[1] Section 10.15 below references a Consent to Settle and Release Agreement between the Litigation Trust and Defendants. The terms of the settlement are set forth in the Consent to Settle and Release attached hereto as Exhibit 3. This Settlement also contains certain references to the Litigation Trust and Litigation Trustee where actions or consent are required. The Litigation Trustee has reviewed and approved the form of this Agreement.

*Stinson et al.*, Case No. 3:19-cv-1481 (N.D. Cal.) and a motion by Linda Stinson and Stephen J. Shaper to enforce the releases in the Chapter 11 Plan in *In re Think Finance*, Case No. 17-33964 in the Bankruptcy Court for the Northern District of Texas and subsequent appeal of the decision to the United States District Court for the Northern District of Texas, Case No. 3:21-cv-2155 (N.D. Tx.). The parties hereby agree to consolidate, for settlement purposes only, *Gibbs et al. v. Stinson et al.*, Case No. 3:18-cv-676 (E.D. Va.), together with *Gibbs et al. v. Elevate Credit, Inc.*, Case No. 3:20-cv-632 (E.D. Va.) (the "Consolidated Action"). The cases styled *Gibbs, et al. v. Haynes, et al.*, Case No. 3:18-cv-48 (E.D. Va.) and *Brice, et al. v. Haynes Investments, et al.*, Case No. 3:18-cv-1200 (N.D. Ca.) are specifically excluded from the definition of Actions.

      2.2    "CAFA Notice" refers to the notice made pursuant to the requirements imposed by 28 U.S.C. § 1715(b).

      2.3    "Cash Award" means a cash payment to an eligible Settlement Class Member pursuant to Section 3.4(b).

      2.4    "Class Counsel" means Kelly Guzzo PLC, Consumer Litigation Associates, P.C., and Tycko and Zavaeeri, LLP.

      2.5    "Direct Notice" means the notice that will be provided pursuant to Sections 5.3(a) and 5.3(b), subject to approval by the District Court, substantially in the form attached hereto as "Exhibit 1."

      2.6    "District Court" means the United States District Court for the Eastern District of Virginia.

      2.7    "Effective Date" means the date that the Final Approval Order entered in the Consolidated Action become final for all purposes because either (i) the Final Approval Order has been entered and no objection was lodged; (ii) the Final Approval Order has been entered, an

objection was timely filed, but no appeal has been filed in accordance with Fed. R. App. P. 4(a) and the time within which an appeal may be noticed and filed has lapsed; or (iii) if a timely appeal has been filed, the appeal is finally resolved, with no possibility of further appellate or other review, resulting in final judicial approval of this Settlement.

2.8    "Elevate MOU" refers to the Memorandum of Understanding between Plaintiffs, the Litigation Trust, and Elevate, effective as of November 23, 2021.

2.9    "Escrow Account" means the bank account owned and/or controlled by the Escrow Agent into which Defendants will cause the Monetary Consideration to be deposited. The Escrow Account shall be a trust account that is under the exclusive control of the Settlement Administrator.

2.10  "Escrow Agent" refers to Huntington Bank, N.A., or. such other escrow agent selected by Classs Counsel and approved by Defendants' counsel, such approval shall not be unreasonably withheld or conditioned.

2.11  "Final Approval Order" means the Final Approval Order and Judgment to be entered by the District Court in the Consolidated Action finally approving this Settlement and resolving all issues between the Parties, as provided for in Section VIII below.

2.12  "Final Fairness Hearing" means the hearing at which the District Court will consider and finally decide whether to approve this Settlement, enter Judgments, and make such rulings as are contemplated by this Settlement.

2.13  "Internet Notice" means notice through the Internet website created pursuant to Section 5.3(b) of this Agreement.

2.14  "Litigation Trust" shall refer to the qualified settlement trust established under the Debtors' Second Modified First Amended Chapter 11 Plan of Reorganization confirmed by

the United States Bankruptcy Court for the Northern District of Texas in *In re Think Finance, LLC, et al,* Case No. 17-33964 (the "Plan") by order entered December 2, 2019 [D.I. 1664] which, among other things, globally resolved the consumer borrower claims against the Debtors and authorized the Litigation Trustee to (i) provide notice to Settlement Class Members, (ii) pay Cash Awards to Settlement Class Members and other consumer borrowers pursuant to the Global Settlement in the Plan, and (iii) use assets of the estates to fund the prosecution of causes of action to increase the amount in the Litigation Trust available for distribution to the consumer borrower beneficiaries.

2.15 "Shareholder MOU" refers to the Memorandum of Understanding between Plaintiffs, the Litigation Trust, and Linda Stinson, Michael Stinson, Stephen J. Shaper, and 7HBF No. 2, Ltd., effective as of January 20, 2022.

2.16 "SCV MOU" refers to the prior Agreement executed between the Plainitffs and Startup Capital Ventureus, L.P., effective as of July 15, 2021.

2.17 "Named Plaintiffs" means Darlene Gibbs, Stephanie Edwards, Lula Williams, Patrick Inscho, Sharon Burney, Chastity McNeil, Alicia Patterson, Earl Browne, Kimetra Brice, Jill Novorot, George Hengle, Tamara Price, and Lawrence Mwethuku

2.18 "NCOA" means the United States Postal Service's National Change of Address database.

2.19 "Parties" means Elevate, Startup Capital Ventures, L.P., Linda Stinson, Michael Stinson, Stephen J. Shaper, 7HBF No. 2, Ltd., Plaintiffs, and the Settlement Class.

2.20 "Plaintiffs" means the Named Plaintiffs, individually and as representatives of the Settlement Class.

2.21 "Preliminary Approval Order" means the order to be entered by the District Court, as provided for in Section 7.1 below, substantially in the form attached hereto as "Exhibit 2."

2.22 "Released Claims" means the claims released by this Agreement as set forth in Section IV.

2.23 "Released Parties" means Elevate, Linda Stinson, Michael Stinson, The Tyler W.K. Head Trust, 7HBF No. 2, Ltd, Stephen J. Shaper, Startup Capital Ventures, L.P., Jason Harvison, Daria Harvison, Sarah Cutrona, Cutrona Charitable Foundation, Chris Lutes, Starfish Private Foundation, and all individuals and entities further identified in Paragraph 4.1 of this Agreement, together with each of their respective parents and subsidiaries, current and former officers, directors, agents, employees, attorneys, successors, affiliates, heirs, assigns, general partners, limited partners, managers, and members. The Released Claims and Released Parties specifically exclude: L. Stephen Haynes, Sovereign Business Solutions, Haynes Investments, LLC (the "Non- Released Parties") and any claims that were brought or could have been brought against the Non-Released Parties in the Actions.

2.24 "Settlement" means the settlement set forth in this Stipulation and Agreement of Settlement.

2.25 "Settlement Administrator" shall refer to such Settlement Administrator selected by Class Counsel and approved by Defendants' counsel, such approval shall not be unreasonably withheld or conditioned.

2.26 "Settlement Class" means all persons within the United States to whom Great Plains Lending, LLC has lent money; all persons within the United States to whom Plain Green, LLC lent money prior to June 1, 2016; and all persons within the United States to whom

MobiLoans, LLC lent money prior to May 6, 2017. For purposes of clarity, the Settlement Class includes the Named Plaintiffs.

2.27 "Settlement Class Member" means a person in the Settlement Class who does not timely submit a valid request for exclusion from the Settlement Class.

2.28 "Settlement Fund" means the total sum of $44,530,000.00 (forty-four million and five hundred and thirty thousand dollars)—comprised of $33,000,000.00 (thirty-three million dollars) funded by Elevate; $5,400,000.00 (five million four hundred thousand dollars) funded by Michael Stinson and Linda Stinson; $3,600,000.00 (three million six hundred thousand dollars) funded by 7HBF No. 2, Ltd.; $2,000,000.00 (two million dollars) funded by Stephen J. Shaper; and $530,000.00 funded by SCV—to be paid to the Escrow Agent as provided for in Section 3.4 of this Agreement, inclusive of payments to Settlement Class Members, attorneys' fees and costs, service awards to Named Plaintiffs, and costs of notice and administration.[2]

2.29 "Shareholder Defendants" means Linda Stinson, Michael Stinson, Stephen J. Shaper, and 7HBF No. 2, Ltd.

2.30 "SCV" means Startup Capital Ventures, L.P.

III.   TERMS OF THE SETTLEMENT

3.1   Class Certification. Defendants dispute that a class would be manageable and further deny that a litigation class could be certified on the claims asserted in the Actions. However, solely for purposes of avoiding the expense and inconvenience of further litigation, Defendants do not oppose the District Court's certification of the Settlement Class for settlement purposes only. No agreements made by Defendants in connection with this Agreement may be used by Plaintiffs, any Settlement Class Member, or any other person, to establish any of the elements of class

---

[2] SCV has entered into a separate "Settlement and Release Agreement" with the Think Finance Litigation Trust dated July 12, 2021. This Agreement will remain in full force and effect.

certification in this or any other proceeding. Preliminary certification of a Settlement Class for settlement purposes shall not be deemed a concession that certification of a class is appropriate, nor are Defendants estopped or otherwise precluded from challenging class certification in further or other proceedings if this Settlement is not finally approved.

3.2    <u>Definition of the Settlement Class.</u> Solely for the purposes of this Settlement, the Parties agree to preliminary certification of the following Settlement Class:

> All persons within the United States to whom Great Plains Lending, LLC has lent money; all persons within the United States to whom Plain Green, LLC lent money prior to June 1, 2016; and all persons within the United States to whom MobiLoans, LLC lent money prior to May 6, 2017.

Certification of the Settlement Class will be sought pursuant to Federal Rule of Civil Procedure 23(b)(3), and all Settlement Class Members shall have the right to exclude themselves by way of the opt-out procedure set forth in Section 7.3 of this Agreement and the Preliminary Approval Orders.

3.3    <u>Identification of the Settlement Class and Eligibility for Cash Award.</u> The Parties agree that the Class List used in *Gibbs, et al. v. Plain Green, LLC, et al.*, 3:17-cv-00495-MHL (E.D. Va.) and maintained by the Settlement Administrator shall be used in this case.

3.4    <u>Settlement Consideration.</u>

<u>Monetary Consideration.</u> Defendants respectively agree to pay as follows into the Escrow Account (the "Monetary Consideration"): Elevate agrees to pay $33,000,000.00 (thirty-three million dollars); Michael Stinson and Linda Stinson agree to pay $5,400,000.00 (five million four hundred thousand dollars); 7HBF No. 2, Ltd. agrees to pay $3,600,000.00 (three million six hundred thousand dollars); Stephen J. Shaper agrees to pay $2,000,000.00 (two million dollars); SCV

10

agrees to pay $530,000.00 (five hundred and thirty thousand dollars). The Escrow Agent shall hold the Monetary Consideration in trust until the Effective Date. The Escrow Agent shall only disburse the out of pocket costs of the Settlement Administrator in order to effectuate the Class Notice in section 5.3 of this Agreement. The Escrow Agent shall otherwise not make any payments or distributions from the Escrow Account unless and until the District Court signs the Final Approval Order consistent with the terms of this Settlement Agreement in the Consolidated Action. If the District Court declines to preliminarily or finally approve settlement in either the Consolidated Action, or requires material modification of the Agreement, or if the Agreement is not finally approved by the District Court by October 1, 2022, the Escrow Agent shall refund the Monetary Consideration to Defendants to the extent contributed by those parties, as further set forth in Article IX of this Agreement.

    i.    <u>Elevate's Payments into the Escrow Account</u>. Elevate shall pay the Monetary Consideration to the Escrow Agent, by wire transfer or check, as follows:

        1.    The first installment of $13,319,737.20 (thirteen million three hundred nineteen thousand seven hundred and thirty-seven dollars and twenty cents) shall be paid into the Escrow Account by Elevate within seven (7) days after entry of the Preliminary Approval Order in the Elevate Action.

2.  The remaining amount of Elevate's respective part of the Monetary Consideration shall be paid by Elevate to the Escrow Account within seven (7) days after the Effective Date.

ii.   <u>The Shareholder Defendants' Payments into the Escrow Account</u>. The Shareholder Defendants shall pay the Monetary Consideration to the Escrow Agent, by wire transfer or check, as follows:

1.  The first installment of $3,630,000.00 (three million six hundred thirty thousand dollars) shall be paid into the Escrow Account by the Shareholder Defendants within seven  (7) days after entry of the Preliminary Approval Order in the Virginia Stinson Action (the "First Escrow Payment"). The First Escrow Payment shall be paid as follows: (a) Michael Stinson and Linda Stinson: 49% ($1,778,700.00 (one million seven hundred seventy eight thousand seven hundred dollars)); (b) 7HBF No. 2, Ltd.: 33% ($1,197,900.00 (one million one hundred ninety seven thousand nine hundred dollars); (c) Stephen J. Shaper: 18% ($653,400.00 (six hundred fifty thgree thousand four hundred dollars)).

2.  The remaining amount of each Shareholder Defendants' respective part of the Monetary Consideration shall be paid by the Shareholder Defendants to the Escrow Account within seven (7) days after the Effective Date (the "Second Escrow Payment"). The Shareholder Defendants shall pay his/its portion of the Second Escrow Payment in the same percentage as the First Escrow Payment.

iii. <u>SCV's Payment into Escrow Account</u>. SCV's Monetary Consideration shall be paid by the Shareholder Defendants to the Escrow Account within seven (7) days after the Effective Date.

iv. <u>Payments from the Escrow Agent.</u>  Immediately upon receipt of the last payment to the Escrow Agent from Defendants, the Escrow Agent shall distribute the Monetary Consideration to the Settlement Fund to be administered and distributed by the Settlement Administrator.  Upon payment of all Monetary Funds to the Settlement Administrator, the Escrow Agent shall be discharged from all duties.  The Settlement Administrator shall distribute the Monetary Consideration in the following order: First, to pay costs of notice and administration; second, to pay service awards to Named Plaintiffs approved by the District Court, and attorneys' fees and costs awarded by the District Court; and third, the remainder of the Monetary Consideration shall be forwarded to the Litigation Trust to pay the Litigation Trust's attorneys' fees and costs, and to distribute Cash Awards to Settlement Class Members, in accordance with this Agreement, the Plan, and the Litigation Trust Agreement.[3]

v. <u>Distributions to the Settlement Class.</u> Cash Awards shall be calculated and distributed to Settlement Class Members as follows:

<u>Tier 1:</u> All payments made by Settlement Class Members in Arizona, Arkansas, Colorado, Connecticut, Idaho, Illinois, Indiana,

---

[3] The Litigation Trust's attorney will also be compensated from the settlement, but Class Counsel and the Litigation Trust have agreed that no more than one-third of Monetary Consideration shall be used for payment of fees and costs.

Kansas, Kentucky, Massachusetts, Minnesota, Montana, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Pennsylvania, Ohio, South Dakota, Vermont, Virginia, and Wisconsin so long as the Settlement Class Member paid the principal amount of his or her loan.

Tier 2: Payments made above the legal limits for Settlement Class Members in Alabama, Alaska, California, Delaware, Florida, Georgia, Hawaii, Iowa, Louisiana, Maine, Maryland, Michigan, Mississippi, Missouri, Nebraska, North Dakota, Oklahoma, Oregon, Rhode Island, South Carolina, Tennessee, Texas, Washington, West Virginia, Washington D.C., and Wyoming.

Tier 3: Settlement Class Members in Nevada and Utah will not receive cash payments.

vi.  The parties agree that Settlement Class Members who did not cash their checks in the settlement of *Gibbs, et al. v. Plain Green, LLC, et al.*, 3:17-cv-00495-MHL (E.D. Va.); *In re Think Finance, LLC,* Case No. 17-33964 (N.D. Tx.); *Gibbs v. Rees,* Case No. 3:20-cv-717 (E.D. Va.); and *Gibbs v. TCV V, L.P.,* Case No. 3:19-cv-789 (E.D. Va.) will not be issued an automatic payment in this Settlement unless they affirmatively submit a request online, through a portal to be created, or in writing to the Settlement Administrator as part of the notice process.

vii. Monthly Reports Regarding Distribution of Settlement Fund. The Settlement Administrator will provide monthly reports to Class

14

Counsel and counsel for the Litigation Trust on the distribution of the Settlement Fund until such time as the residual of the Settlement Fund is transferred to the Litigation Trust.

3.5 <u>Named Plaintiffs' Service Awards.</u> No later than forty-five (45) days before the Final Fairness Hearing, Plaintiffs will apply to the District Court for Named Plaintiffs' service awards of up to $20,000.00 (twenty thousand dollars) each. The Named Plaintiffs' service awards will be paid from the Settlement Fund in the amounts approved by the District Court. The Settlement is not conditioned upon the District Court's approval of the service awards sought by Named Plaintiffs. The service awards, if any, shall be paid to Named Plaintiffs no earlier than the Effective Date and no later than ten (10) days after the Effective Date. Defendants agree not to oppose Named Plaintiffs' request for service awards.

3.6 <u>Attorneys' Fees and Costs.</u> No later than forty-five (45) days before the Final Fairness Hearing, Class Counsel will apply to the District Court for an award of attorneys' fees and costs. Such attorneys' fees and costs will be paid from the Settlement Fund in an amount not to exceed: (1) fifteen (15%) of the Monetary Consideration paid by Elevate; and; not to exceed (2) one-third (1/3) of the Monetary Consideration paid by the Shareholder Defendants and SCV—as approved by the District Court. The Settlement is not conditioned upon the District Court's approval of the attorneys' fees and costs sought by Class Counsel. The award of attorneys' fees and costs, if any, shall be paid to Class Counsel no earlier than the Effective Date and no later than ten (10) days after the Effective Date. Defendants agree not to oppose Class Counsel's request for attorneys' fees and costs.  Regardless of Class Counsel's requests, and the District Court's approval, for fees and costs, under no circumstances shall Defendantts or Released Parties be

required to pay monetary or other consideration above their respective contributions to the Settlement Fund, as set forth in Section 3.4.

      3.7   <u>Injunctive Relief.</u> After Final Approval of the Settlement, Elevate agrees not to provide any services to Think Finance, LLC, Think Finance SPV, LLC, Financial U, LLC, TC Loan Services, LLC, Tailwind Marketing, LLC TC Administrative Services, LLC and TC Decision Services, LLC or their successors-in -interest, including but not limited to any services similar to the Data Sharing and Support Agreement, the Employee Matters Agreement, and the Shared Services Agreement.

      3.8   <u>Costs of Notice and Administration.</u> All costs of notice and administration are to be paid from the Settlement Fund. Under no circumstances will Defendants be responsible for payment of any additional costs of notice and administration beyond or separate from the amount each Defendant is required to contribute to the Settlement Fund.

      3.9   <u>Total Payments by Defendants.</u> In no event shall Defendants be required to pay any more than the amounts in Section 3.4, inclusive of (i) the amount of the Settlement Fund as monetary consideration to the Settlement Class; (ii) notice and administration costs and expenses; (iii) Class Counsel's attorneys' fees and/or litigation costs; (iv) Named Plaintiffs' service awards; and (v) any other fees or costs associated with this Settlement. Defendants shall bear the responsibility to send the CAFA notice to the appropriate federal and state governments at its or their own expense.

      3.10  <u>Taxes.</u> The Parties agree the Cash Awards to Settlement Class Members and Named Plaintiffs are not wages, and that each Settlement Class Member and Named Plaintiff will be solely responsible for correctly characterizing any such payment for tax purposes and for paying any taxes owed on any payment(s). As all distributions of payments to Settlement Class Members

are to be made through the Litigation Trust by its Trustee, the Litigation Trust shall be responsible for determining if the Settlement Administrator should require an IRS Form W-9 from Settlement Class Members and determining if the Settlement Administrator must send an IRS Form 1099 to any Settlement Class Member. The Named Plaintiffs shall provide an IRS Form W-9 for any service award payment made in excess of $600.00 (six hundred dollars). Defendants make no representations as to the taxability of any amounts paid to the Settlement Class Members or Named Plaintiffs. The Settlement Class Members and Named Plaintiffs agree to pay federal and state taxes, if any, required by law to be paid by the Settlement Class Members or Named Plaintiffs with respect to this Agreement, and further agree that Defendants have no responsibility for the payment of any such taxes.

## IV.  RELEASE AND DISMISSAL

4.1  Release. Following payment in full of the Settlement Fund, the following releases shall be effective:

Released Parties. Upon the Effective Date, each Named Plaintiff and each Settlement Class Member, on behalf of themselves and their respective heirs, officers, directors, agents, employees, attorneys, successors, affiliates, and assigns, shall be deemed to have, and by operation of the Judgment shall have, fully released and forever discharged Elevate, SCV, John Dean, Robert Rees, Amy Young, Linda Stinson, Michael Stinson, Hannah S. Head, Molly M. West, Tod A. Stinson, Tyler W.K. Head, Jeff S. West, Jill Stinson, Corbett Capital, LLC, and Buckaroo Art, LLC, The Tyler W.K. Head Trust dated March 20, 2014, the Linda and Mike Stinson Irrevocable Asset Trust dated December 2, 2009, the Stinson 2009 Grantor Retained Annuity Trust, Startup Capital Ventures, L.P., Startup Capital Ventures Management, LLC, Startup Capital Ventures LLC, Stephen J. Shaper, Sue Shaper,

17

Shaper Family Partnership No. 1, Ltd., the Stephen and Sue Shaper Descendants Trust U/T/A Dated Dec 7, 2012, ShaperGP, LLC, Middlemarch Capital Corporation, 7HBF No. 2, Ltd., 7HBF, Ltd., 7HBF Management Co., Ltd., John H. Harvison, John D. Harvison, Jason Harvison, Associated Properties-GP, LLC, HCT #2, LP, John H. Harvison, John H. Harvison Dynasty Trust, Glenda Sue Harvison, Glenda Sue Harvison Dynasty Trust, Jove Investments, Ltd., Harvison Family Irrevocable Trust, Randall W. Harvison, Randall W. Harvison Dynasty Trust, Kay L. Parker, Kay L. Parker Dynasty Trust, Michael G. Harvison, Michael G. Harvison Dynasty Trust, Hope E. Harvison Anthony, Hope Harvison Anthony Dynasty Trust, Hollie B. Harvison, Hollie B. Harvison Dynasty Trust, Stacie Woodcock, together with each of their respective current and former officers, directors, general partners, limited partners, managers, members, agents, employees, attorneys, successors, affiliates, parents, subsidiaries, heirs, beneficiaries, and assigns (collectively, the "Released Parties"), from any and all claims that were brought or could have been brought in the Actions, and from any and all claims relating to or arising from, in any way, the operatons of Think Finance, whether arising under local, state, tribal or federal law (including, without limitation, under any consumer protection or unfair and deceptive practices laws), whether by constitution, statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated the ("Released Claims"). The "Released Parties" shall not include L. Stephen Haynes, Sovereign Business Solutions, and Haynes Investments, LLC.

18

a.      Without limiting the foregoing, the claims released above as to the Released

Parties specifically include claims that the Named Plaintiffs and Settlement Class

Members (or any of them) do not know or suspect to exist in their favor at the time

that the Settlement, and the releases contained in this Agreement, become effective.

The Named Plaintiffs acknowledge that they each have read, understand, and

waive, on behalf of themselves and the Settlement Class Members, all rights and

benefits of Section 1542 of the California Civil Code (or any other statute or legal

doctrine limiting the effectiveness of releases), which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO
> CLAIMS THAT THE CREDITOR OR RELEASING
> PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN
> HIS OR HER FAVOR AT THE TIME OF EXECUTING
> THE RELEASE AND THAT, IF KNOWN BY HIM OR
> HER, WOULD HAVE MATERIALLY AFFECTED HIS
> OR HER SETTLEMENT WITH THE DEBTOR OR
> RELEASED PARTY.

Named Plaintiffs understand and acknowledge, and the Settlement Class Members

shall be deemed to understand and acknowledge, the significance of this waiver of

California Civil Code Section 1542 and any other applicable law relating to

limitations on releases. In connection with such waiver and relinquishment, Named

Plaintiffs acknowledge on behalf of themselves and the Settlement Class Members

that they are aware that they may hereafter discover facts in addition to, or different

from, those facts which they now know or believe to be true with respect to the

subject matter of the Settlement, but that it is their intention to release fully, finally

and forever all Released Claims against the Released Parties, and in furtherance of

such intention, the release of the Released Claims shall remain in effect

notwithstanding the discovery or existence of any such additional or different facts.

19

4.2    Scope of Release. The releases in Section 4.1 shall apply to and bind Named Plaintiffs and all Settlement Class Members as of the Effective Date of this Settlement. Any Settlement Class Members who do not wish to be subject to these releases shall have the right to exclude themselves by way of the general opt-out procedures set forth in Section 7.3 of this Agreement and the Preliminary Approval Order.

4.3    Dismissal. Provided that the Final Approval Order is entered, the Parties shall work together to file stipulations or other appropriate documents requesting dismissal of the Actions as to the Defendants with prejudice within ten (10) days of the Effective Date.

## V.    NOTICE AND SETTLEMENT ADMINISTRATION

5.1    Settlement Administrator. Subject to approval by the District Court, the Settlement Administrator shall be responsible for administering the Settlement in accordance with this Agreement, including distribution of the residual Settlement Fund to the Litigation Trust for the benefit of the Settlement Class, withholding and paying of any applicable taxes by or on behalf of the Litigation Trust, and other duties as provided herein or by applicable Court orders. The Settlement Administrator may disburse money from the Settlement Fund only in accordance with this Agreement and applicable orders of the Court, upon receiving written consent (which may be provided via email) from Class Counsel. The actions of the Settlement Administrator shall be governed by the terms of this Agreement. The Parties shall provide information reasonably requested by the Settlement Administrator pursuant to this Agreement. The Parties further agree:

    a.    Class Counsel shall be responsible for directing the Settlement Administrator to file all informational and other tax returns necessary to report any taxable and/or net taxable income earned by the Settlement Fund. Further, Class Counsel shall be responsible for directing the use of any of the Settlement Fund, as

and when legally required, any tax payments, including interest and penalties due on income earned by the Settlement Fund. Defendants shall have no responsibility to make any filings relating to the Settlement Fund and shall have no responsibility to pay tax on any income earned by the Settlement Fund or to pay any taxes on the Settlement Fund. Other than as specifically set forth herein, Defendants shall have no responsibility for the payment of taxes or tax expenses.

b.      The Escrow Account for receipt of the Monetary Consideration shall be a noninterest-bearing account.

c.      Upon distribution of the Monetary Consideration by the Escrow Agent to the Settlement Administrator, the Settlement Admininistrator shall have solely responsible for the funds and shall be solely responsible for compliance with all tax laws, the payment of any taxes that are or become payable due to the receipt or holding of the Settlement Fund.

d.      Upon distribution of the Settlement Fund to the Litigation Trust, the Litigation Trustee shall be solely responsible for compliance with all tax laws, the payment of any taxes that are or become payable by the Litigation Trust, and making all filings and all disclosures required of the Litigation Trust.

5.2   <u>Costs of Notice and Administration.</u> The costs of notice and administration shall be paid entirely from the Settlement Fund and/or Litigation Trust.

5.3   <u>Class Notice.</u> Notice consistent with the requirements of Fed. R. Civ. P. 23 shall be provided within thirty (30) days following entry of the Preliminary Approval Order, as follows:

a.      Direct Notice, substantially in the form attached hereto as Exhibit 1 or as modified by the District Court with the consent of all Parties, will be sent via

21

electronic mail (email) to prospective Settlement Class Members within thirty (30) days after the date of entry of the Preliminary Approval Order at the most recent email address in the Settlement Administrator's electronic records. Direct Notice, substantially in the form attached hereto as Exhibit 1, or as modified by the District Court with the consent of all Parties, will be mailed via first class mail to prospective Settlement Class Members whose email notice results in a bounce-back email. Mailing addresses will be run once through the NCOA, or any other postal address verification database that the Settlement Administrator deems proper, prior to mailing. Returned Direct Notices will be re-mailed if they are returned within twenty (20) days of the postmark date of the Direct Notice and contain a forwarding address. No further emailed or mailed notice shall be required except as otherwise expressly provided herein.

b.      The Settlement Administrator will establish and continue to maintain an Internet site on which will be posted the Direct Notice as well as the Class Action Complaints; this Agreement; any motions and memoranda seeking approval of this Settlement, approval of attorneys' fees and costs, or approval of Named Plaintiffs' service awards; any orders of the District Court relating to this Settlement; and any other information the Parties agree is necessary and appropriate. The Direct Notice shall direct recipients to the location of the Internet site. The website shall make available a form that allows Settlement Class Members to update their mailing addresses; Settlement Class Members may also contact the Settlement Administrator by telephone or mail to update their mailing addresses. Within thirty (30) days after entry of the Preliminary Approval Order, the website shall allow

Settlement Class Members to determine whether or not they are eligible for a Cash Award by entering their unique identifier (provided on the Direct Notice or available by calling the Settlement Administrator) and last name. The website shall be updated with this Settlement information within five (5) days after entry of the Preliminary Approval Order and shall remain active until Class Counsel deems it is appropriate to terminate the website.

c.      The Parties shall have the right to audit the work of the Settlement Administrator at any time.

d.      At Defendants' request, the Settlement Administrator shall provide the disclosures necessary for Defendants' compliance with the notice provisions of the CAFA.

5.4    <u>Certification to the District Court.</u> No later than twenty-one (21) days before the Final Fairness Hearing, the Settlement Administrator and/or its designees shall file a declaration with the District Court verifying that notice has been provided to the Settlement Class in accordance with this Agreement and the Preliminary Approval Order as entered by the District Court.

## VI.    **DISPUTE RESOLUTION**

6.1    <u>Dispute Resolution.</u> The Parties agree to meet and confer in good faith in regard to any dispute relating to this Settlement or to administration of this Settlement. Any dispute that cannot be resolved by the Parties shall be submitted, not earlier than thirty (30) days after written notice of the dispute was first given, to United States Magistrate Judge Mark Colombell for a recommendation. In the event any Party disagrees with the written recommendation, the Party must file a motion in the Consolidated Action to address the issue within ten (10) days of receiving the recommendation.

## VII. <u>PRELIMINARY APPROVAL ORDER AND FINAL FAIRNESS HEARING</u>

7.1     <u>Preliminary Approval Order.</u> Class Counsel will seek the District Court's approval of this Settlement by filing an appropriate Motion for Preliminary Approval and seeking entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit 2.

7.2     <u>Opt-Out/Requests for Exclusion from Settlement.</u>

a.     <u>Requests for Exclusion.</u> Prospective Settlement Class Members shall be given the opportunity to opt out of the Settlement Class. All requests by prospective Settlement Class Members to be excluded must be in writing and mailed to the Settlement Administrator. All Settlement Class Members will have at least forty-five (45) days after entry of the Preliminary Approval Order to opt out of the Settlement. An appropriate written request for exclusion must be personally signed by the Settlement Class Member and must include: (i) the name of this case; (ii) the Settlement Class Member's name, address and telephone number; and (iii) the following statement: "I request to be excluded from the class settlement in this case." No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

b.     <u>Delivery to Parties/Filing with District Court.</u> The Settlement Administrator shall provide copies of the original requests for exclusion to the Parties by no later than five (5) days after the opt-out deadline. Not later than twenty-one (21) days before the Final Fairness Hearing, the Settlement Administrator shall file with the District Court a declaration that lists all of the opt-outs received.

c.      Effect. All prospective Settlement Class Members who timely exclude themselves from the Settlement Class will not be eligible to receive any consideration pursuant to this Settlement and will not be bound by any further orders or judgment in the Actions, and will preserve their ability to independently pursue any individual claims they may have against the Released Parties. In the event of ambiguity as to whether a Settlement Class Member has requested to be excluded, the Settlement Class Member shall be deemed not to have requested exclusion.

7.3   Objections to Settlement.

a.      Right to Object. Any Settlement Class Member who has not previously opted out as provided in Section 7.3 may appear at the Final Fairness Hearings to argue that the proposed Settlement should not be approved, to oppose the application of Class Counsel for an award of attorneys' fees and costs, and/or to oppose the service awards to Named Plaintiffs. Any Settlement Class Member who wishes to object to the Settlement must file a written objection with the District Court no later than the date specified by subsection (b) of this Section. Settlement Class Members who fail to timely file and serve written objections shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to this Settlement.

b.      Deadline. Any such objection must be filed in the District Court in a writing. Settlement Class Members will have at least forty-five (45) days after entry of the Preliminary Approval Order to object to the Settlement. Notwithstanding this deadline, objections solely as to attorneys' fees or service awards may be made no

later than fourteen (14) days after the filing of a motion for the award of attorneys' fees and/or service awards.

c. <u>Content of Objections.</u> All objections must include: (i) the name of this case; (ii) the objector's name, address, email address and telephone number; (iii) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (iv) any factual basis and legal grounds for the objection to the Settlement; (v) the name of counsel for the objector (if any), including any former or current counsel who may seek compensation for any reason related to the objection to the Settlement, the fee application, or the application for service awards; and (vi) whether he or she intends to appear at the Final Fairness Hearing on his or her own behalf or through counsel. Counsel representing an objecting Settlement Class Member must enter an appearance in this case. No *pro se* objection shall be rejected merely because it does not fully comply with these instructions.

d. The right to object to the Settlement must be exercised individually by a Settlement Class Member or through his or her counsel, and not *en masse* or as a member of a group, class or subclass.

## VIII. <u>FINAL APPROVAL OF SETTLEMENT AND OTHER CONDITIONS</u>

8.1 <u>Final Approval Order.</u> On a date to be set by the District Court, Plaintiffs will petition the District Court to enter the Final Approval Order in the Consolidated Action in a form that the Parties propose to the District Court which will provide:

a. That the case, for purposes of this Settlement, may be maintained as a class action on behalf of the Settlement Class;

b. That Named Plaintiffs fairly and adequately represent the interests of the Settlement Class;

26

c.      That Class Counsel fairly and adequately represent Plaintiffs and the Settlement Class;

d.      That the Direct Notice and Internet Notice satisfy the requirements of due process, the Federal Rules of Civil Procedure and any other applicable laws;

e.      That the Settlement is fair, reasonable and adequate to the Settlement Class and that each Settlement Class Member shall be bound by the Settlement, including the releases contained in Section IV above;

f.      That the Settlement represents a fair resolution of all claims asserted on behalf of the Settlement Class and fully and finally resolves all such claims;

g.      That this Settlement should be, and is, approved;

h.      The amounts of the attorneys' fees, costs, and Named Plaintiffs' service awards;

i.      Confirmation of the opt outs from the Settlement;

j.      Overruling of objections, if any;

k.      Dismissal, on the merits and with prejudice, of all claims and an injunction prohibiting all Settlement Class Members or their representatives or privies from bringing, joining, or continuing to prosecute the Released Claims against any of the Released Parties and entering judgment thereon; and

l.      Retention of jurisdiction over all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of this Settlement.

## IX.     <u>TERMINATION OF SETTLEMENT</u>

9.1     <u>Non-Approval of Settlement.</u> If the District Court declines to preliminarily or finally approve, or requires material modification of the Agreement, the Parties shall request that

the Actions continue to be stayed for a period of thirty (30) days to allow the Parties to meet and confer in good faith with regard to how to address any questions raised and/or changes required by the District Court, including whether to accept the Agreement as modified by the District Court or modify the Agreement for resubmission to the District Court for approval. If within thirty (30) days after entry of the District Court's order denying preliminary or final approval or requiring material modification of the Agreement, the Parties do not agree to accept the Agreement as modified by the District Court or fail to agree to modify the Agreement for resubmission to the District Court for approval, any Party may unilaterally terminate the Agreement, as to that Party, by providing written notice of this election to all Parties. In such an event, nothing in this Agreement or filed in connection with seeking approval of the Settlement shall be construed as an admission or concession of any fault, wrongdoing, or liability of any kind, nor are Defendants estopped or otherwise precluded from challenging any of the allegations in further proceedings in the Actions or any other action. Moreover, the Parties shall be deemed to have preserved all of their rights or defenses as of the dates that Plaintiffs initiated the Actions, shall not be deemed to have waived any substantive or procedural rights of any kind that they may have as to each other or any member of the Settlement Class, and the Settlement Administrator shall refund by wire transfer or check within fifteen (15) days of such termination the Monetary Consideration paid by Defendants into the Settlement Fund according to the amounts respectively paid by Defendants, less any out of pocket expenses that were paid for notice and administration of the Settlement. Likewise, in the event that this Settlement is approved without material modification by the District Court, but is later reversed or vacated on appeal, each of the Parties shall have the right to withdraw from this Settlement and return to the *status quo ante* as of the dates that Plaintiffs initiated the Actions for all litigation purposes, as if no agreement had been negotiated or entered into, shall

28

not be deemed to have waived any substantive or procedural rights of any kind that they may have as to each other or any member of the Settlement Class, and the Settlement Administrator shall refund by wire transfer or check within fifteen (15) days the Monetary Consideration, less any out of pocket expenses that were paid for notice and administration paid by Defendants into the Settlement Fund.

X.    **MISCELLANEOUS PROVISIONS**

10.1   Further Assurance. Each of the Parties shall execute all documents and perform all acts required by the terms of this Agreement.

10.2   No Admission of Liability. It is expressly recognized and accepted by Plaintiffs that the Released Parties deny any liability and that Defendants are settling solely to avoid the cost and inconvenience of litigation.

10.3   Evidentiary Preclusion. Neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. In addition, except for purposes of demonstrating the validity of this Agreement or its terms, neither the fact of, nor any documents relating to, any Defendant's withdrawal from the Settlement, any failure of the District Court to approve the Settlement, and/or objections or interventions may be used as evidence for any purpose whatsoever. The Released Parties may file this Agreement and/or Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith

29

settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

  10.4 <u>Entire Agreement.</u> This Agreement (along with the attached Consent to Settle and Release and SCV's Settlement and Release Agreement with the Litigation Trust) constitutes the entire agreement between and among the Parties with respect to the Settlement of the Actions. This Agreement supersedes all prior negotiations and agreements with respect to the Parties.[4] The Parties, and each of them, represent and warrant that no other party or any agent or attorney of any of the Parties has made any promise, representation, or warranty whatsoever not contained in this Agreement and the other documents referred to in this Agreement to induce them to execute the same. The Parties, and each of them, represent and warrant that they have not executed this Agreement, or the other documents referred to in this Agreement, in reliance on any promise, representation or warranty not contained in this Agreement and the other documents referred to in this Agreement.

  10.5 <u>Successors and Assigns.</u> This Agreement shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Parties and the Released Parties.

  10.6 <u>Competency of the Parties.</u> The Parties, and each of them, acknowledge, warrant, represent, and agree that in executing and delivering this Agreement, they do so freely, knowingly, and voluntarily, that they had an opportunity to and did discuss its terms and their implications with legal counsel of their choice, that they are fully aware of the contents and effect

---

[4] Notwithstanding Section 10.4, and as set forth in Section 10.15 below and the Consent to Settle and Release Agreement between the Litigation Trust and Defendants, and the Settling Shareholder Defendants attached hereto as Exhibit 3, this Agreement does not supersede the Consent to Settle and Release.  The Consent to Settle and Release is a material condition and requirement of this Agreement.  If, for any reason, the Consent to Settle and Release is terminated or not enforceable, this Agreement shall be considered terminated under Section IX of this Agreement and Defendants shall be entitled to receive all Monetary Consideration in the amount of their respective contributions.

of this Agreement, and that such execution and delivery is not the result of any fraud, duress, mistake, or undue influence whatsoever.

10.7   _Authority._ The persons signing this Agreement on behalf of an entity warrant and represent that they are authorized to sign on the respective entity's behalf. Each of the Named Plaintiffs has personally signed this Agreement.

10.8   _Modification._ No modification of or amendment to this Agreement shall be valid unless it is in writing and signed by all Parties hereto or agreed to on the record in the District Court.

10.9   _Construction._ Each of the Parties has cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of this Agreement, the Agreement shall not be construed against any of the Parties. Before declaring any provision of this Agreement invalid, the District Court shall first attempt to construe the provision as valid to the fullest extent possible consistent with applicable precedent so as to find all provisions of this Agreement valid and enforceable. After applying this rule of construction and still finding a provision invalid, the District Court shall thereupon interpret the invalid provision to the fullest extent possible to otherwise enforce the invalid provision. The invalidity of any one provision shall not render this Agreement otherwise invalid and unenforceable unless the provision found to be invalid materially affects the terms of this Agreement after application of the rules of construction set forth in this paragraph.   Any invalidity of the Consent to Settle and Release shall be a material term that invalidates the entire Agreement.

10.10   _No Waiver._ The failure of any of the Parties to enforce at any time any provision of this Agreement shall not be construed to be a waiver of such provision, or any other provision, nor in any way to affect the validity of this Agreement or any part hereof, or the right of any of the

Parties thereafter to enforce that provision or each and every other provision. No waiver of any breach of this Agreement shall constitute or be deemed a waiver of any other breach.

10.11 <u>Governing Law.</u> This Agreement shall be governed by, construed, and enforced in accordance with the laws of the Commonwealth of Virginia, including all matters of construction, validity, performance, and enforcement and without giving effect to the principles of conflict of laws.

10.12 <u>Notices/Communications.</u>   All   requests,   demands,   claims,   and   other communications hereunder shall: (a) be in writing; (b) delivered by U.S. mail and electronic mail; (c) be deemed to have been duly given on the date received; and (d) be addressed to the intended recipient as set forth below:

> <u>If to Plaintiffs or the Settlement Class:</u>
>
> Kristi C. Kelly
> KELLY GUZZO, PLC
> 3925 Chain Bridge Road, Suite 202
> Fairfax, Virginia 22030
> kkelly@kellyguzzo.com
>
> with a copy to:
>
> Anna Claire Haac
> Tyco & Zaverei LLP
> 1828 L Street NW
> Suite 1000
> Washington, DC 20036
> Telephone: (202) 417-3654
> Facsimile: (202) 973-0950
> Email: ahaac@tzlegal.com
>
> <u>If to Elevate or the Shareholder Defendants:</u>
>
> Reese Marketos LLP
> Joel W. Reese
> 750 N. Saint Paul St., Suite 600
> Dallas, Texas 75201
> joel.reese@rm-firm.com

with a copy to

Armstrong Teasdale LLP
Richard L. Scheff
2005 Market Street
One Commerce Square, Floor 29
Philadelphia, PA 19103
rlscheff@atllp.com

If to SCV:

Martyn B. Hill
Pagel, Davis & Hill, P.C.
1415 Louisiana, 22nd Floor
Houston, Texas 77002
mbh@pdhlaw.com

Each of the Parties may change the address to which requests, demands, claims, or other communications hereunder are to be delivered by giving the other Parties notice in the manner set forth herein.

10.13  Counterparts. This Agreement may be executed in one or more counterparts and, if so executed, the various counterparts shall be and constitute one instrument for all purposes and shall be binding on each of the Parties that executed it, provided, however, that none of the Parties shall be bound unless and until all Parties have executed this Agreement. For convenience, the several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

10.14  Cooperation. The Parties, and their respective counsel, agree to cooperate with each other and do all things reasonably necessary to obtain preliminary approval of the Settlement; to obtain final approval of the Settlement; and to otherwise ensure that a fully effective final approval of the Settlement occurs.

33

10.15 <u>Dismissal of Adversary Proceedings.</u>   This Agreement is contingent upon agreement from the Litigation Trust to settle and release the claims asserted against Defendants and the Released Parties in adversary case numbers 3:20-ap-03099 and 3:19-ap-3201, part of the jointly-administered bankruptcy cases styled *In re Think Finance, LLC*, Case No. 17-33964, pending in the United States Bankruptcy Court for the Northern District of Texas. This Settlement will not be effective unless Plaintiffs obtain consent and approval from the Litigation Trust of the Consent to Settle and Release attached hereto as Exhibit 3. Written confirmation of the Litigation Trust's consent must be provided to Defendants within five (5) days of the execution of this Agreement. Because this Settlement will not be effective without the consent and approval of the Litigation Trust, Plaintiffs acknowledge and agree that they cannot move for preliminary approval of the Settlement unless Plaintiffs obtain such consent and approval from the Trustee of the Litigation Trust.

***

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the dates set forth below.

Dated: Feb 3, 2022 , 2022        By: *Darlene Gibbs*
                                          Darlene Gibbs (Feb 3, 2022 13:29 EST)
                                          Darlene Gibbs
                                          Plaintiff

Dated: _____, 2022        By: _____
                                          Stephanie Edwards
                                          Plaintiff

Dated: _____, 2022        By: _____
                                          Lula Williams
                                          Plaintiff

34

10.15 <u>Dismissal of Adversary Proceedings.</u>   This Agreement is contingent upon agreement from the Litigation Trust to settle and release the claims asserted against Defendants and the Released Parties in adversary case numbers 3:20-ap-03099 and 3:19-ap-3201, part of the jointly-administered bankruptcy cases styled *In re Think Finance, LLC*, Case No. 17-33964, pending in the United States Bankruptcy Court for the Northern District of Texas. This Settlement will not be effective unless Plaintiffs obtain consent and approval from the Litigation Trust of the Consent to Settle and Release attached hereto as Exhibit 3. Written confirmation of the Litigation Trust's consent must be provided to Defendants within five (5) days of the execution of this Agreement. Because this Settlement will not be effective without the consent and approval of the Litigation Trust, Plaintiffs acknowledge and agree that they cannot move for preliminary approval of the Settlement unless Plaintiffs obtain such consent and approval from the Trustee of the Litigation Trust.

***

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the dates set forth below.


Dated: _____, 2022        By: _____
                                                Darlene Gibbs
                                                Plaintiff


Dated: **Feb 3, 2022**_____, 2022        By: _____
                                            Stephanie Edwards (Feb 3, 2022 14:00 EST)
                                                Stephanie Edwards
                                                Plaintiff


Dated: _____, 2022        By: _____
                                                Lula Williams
                                                Plaintiff

34

10.15 <u>Dismissal of Adversary Proceedings.</u>   This Agreement is contingent upon agreement from the Litigation Trust to settle and release the claims asserted against Defendants and the Released Parties in adversary case numbers 3:20-ap-03099 and 3:19-ap-3201, part of the jointly-administered bankruptcy cases styled *In re Think Finance, LLC*, Case No. 17-33964, pending in the United States Bankruptcy Court for the Northern District of Texas. This Settlement will not be effective unless Plaintiffs obtain consent and approval from the Litigation Trust of the Consent to Settle and Release attached hereto as Exhibit 3. Written confirmation of the Litigation Trust's consent must be provided to Defendants within five (5) days of the execution of this Agreement. Because this Settlement will not be effective without the consent and approval of the Litigation Trust, Plaintiffs acknowledge and agree that they cannot move for preliminary approval of the Settlement unless Plaintiffs obtain such consent and approval from the Trustee of the Litigation Trust.

***

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the dates set forth below.

Dated: _____, 2022      By: _____
                                              Darlene Gibbs
                                              Plaintiff


Dated: _____, 2022      By: _____
                                              Stephanie Edwards
                                              Plaintiff


Dated: _Feb 3, 2022_____, 2022   By: _____
                                              Lula Williams
                                              Plaintiff

34

Dated: __Feb 3, 2022__, 2022     By: _Patrick Inscho_____
                                      **Patrick Inscho**
                                      **Plaintiff**


Dated: _____, 2022     By: _____
                                      **Sharon Burney**
                                      **Plaintiff**


Dated: _____, 2022     By: _____
                                      **Chastity McNeil**
                                      **Plaintiff**


Dated: _____, 2022     By: _____
                                      **Alicia Patterson**
                                      **Plaintiff**


Dated: _____, 2022     By: _____
                                      **Earl Browne**
                                      **Plaintiff**


Dated: _____, 2022     By: _____
                                      **Kimetra Brice**
                                      **Plaintiff**


Dated: _____, 2022     By: _____
                                      **Jill Novorot**
                                      **Plaintiff**


Dated: _____, 2022     By: _____
                                      **George Hengle**
                                      **Plaintiff**

Dated: _____, 2022      By: _____
                                                        Patrick Inscho
                                                        Plaintiff


Dated: ____2/3/2022____, 2022      By: _____
                                          ┌─ DocuSigned by:
                                          │  Sharon Burney
                                          └─ C1C6F1114F004B1...
                                                        Sharon Burney
                                                        Plaintiff


Dated: _____, 2022      By: _____
                                                        Chastity McNeil
                                                        Plaintiff


Dated: _____, 2022      By: _____
                                                        Alicia Patterson
                                                        Plaintiff


Dated: _____, 2022      By: _____
                                                        Earl Browne
                                                        Plaintiff


Dated: _____, 2022      By: _____
                                                        Kimetra Brice
                                                        Plaintiff


Dated: _____, 2022      By: _____
                                                        Jill Novorot
                                                        Plaintiff


Dated: _____, 2022      By: _____
                                                        George Hengle
                                                        Plaintiff


Dated: _____, 2022      By: _____

Dated: _____, 2022          By: _____
                                            Patrick Inscho
                                            Plaintiff


Dated: _____, 2022          By: _____
                                            Sharon Burney
                                            Plaintiff


Dated:   2/3/2022                      By: _____
       _____, 2022               Chastity McNeil
                                            Plaintiff


Dated: _____, 2022          By: _____
                                            Alicia Patterson
                                            Plaintiff


Dated: _____, 2022          By: _____
                                            Earl Browne
                                            Plaintiff


Dated: _____, 2022          By: _____
                                            Kimetra Brice
                                            Plaintiff


Dated: _____, 2022          By: _____
                                            Jill Novorot
                                            Plaintiff


Dated: _____, 2022          By: _____
                                            George Hengle
                                            Plaintiff


Dated: _____, 2022          By: _____

35

Dated: _____, 2022    By: _____
                                           Patrick Inscho
                                           Plaintiff


Dated: _____, 2022    By: _____
                                           Sharon Burney
                                           Plaintiff


Dated: _____, 2022    By: _____
                                           Chastity McNeil
                                           Plaintiff


Dated: ___2/3/2022___, 2022    By: _____
                                           DocuSigned by:
                                           [signature]
                                           6C882299C2614AC...
                                           Alicia Patterson
                                           Plaintiff


Dated: _____, 2022    By: _____
                                           Earl Browne
                                           Plaintiff


Dated: _____, 2022    By: _____
                                           Kimetra Brice
                                           Plaintiff


Dated: _____, 2022    By: _____
                                           Jill Novorot
                                           Plaintiff


Dated: _____, 2022    By: _____
                                           George Hengle
                                           Plaintiff


Dated: _____, 2022    By: _____

Dated: _____, 2022        By: _____
                                          **Patrick Inscho**
                                          **Plaintiff**


Dated: _____, 2022        By: _____
                                          **Sharon Burney**
                                          **Plaintiff**


Dated: _____, 2022        By: _____
                                          **Chastity McNeil**
                                          **Plaintiff**


Dated: _____, 2022        By: _____
                                          **Alicia Patterson**
                                          **Plaintiff**


Dated: __Feb 2, 2022____, 2022        By: _*Ed Browne*_____
                                          **Earl Browne**
                                          **Plaintiff**


Dated: _____, 2022        By: _____
                                          **Kimetra Brice**
                                          **Plaintiff**


Dated: _____, 2022        By: _____
                                          **Jill Novorot**
                                          **Plaintiff**


Dated: _____, 2022        By: _____
                                          **George Hengle**
                                          **Plaintiff**

35

Dated: _____, 2022        By: _____
                                                Patrick Inscho
                                                Plaintiff

Dated: _____, 2022        By: _____
                                                Sharon Burney
                                                Plaintiff

Dated: _____, 2022        By: _____
                                                Chastity McNeil
                                                Plaintiff

Dated: _____, 2022        By: _____
                                                Alicia Patterson
                                                Plaintiff

Dated: _____, 2022        By: _____
                                                Earl Browne
                                                Plaintiff

Dated: __2/3/2022_____, 2022    By: _____
                                                Kimetra Brice
                                                Plaintiff

Dated: _____, 2022        By: _____
                                                Jill Novorot
                                                Plaintiff

Dated: _____, 2022        By: _____
                                                George Hengle
                                                Plaintiff

Dated: _____, 2022        By: _____

Dated: _____, 2022        By: _____
                                            Patrick Inscho
                                            Plaintiff


Dated: _____, 2022        By: _____
                                            Sharon Burney
                                            Plaintiff


Dated: _____, 2022        By: _____
                                            Chastity McNeil
                                            Plaintiff


Dated: _____, 2022        By: _____
                                            Alicia Patterson
                                            Plaintiff


Dated: _____, 2022        By: _____
                                            Earl Browne
                                            Plaintiff


Dated: _____, 2022        By: _____
                                            Kimetra Brice
                                            Plaintiff


Dated: ____2/3/2022____, 2022         By: _____
                                            Jill Novorot
                                            Plaintiff


Dated: _____, 2022        By: _____
                                            George Hengle
                                            Plaintiff


Dated: _____, 2022        By: _____

Dated: _____, 2022          By: _____
                                                     Patrick Inscho
                                                      Plaintiff


Dated: _____, 2022          By: _____
                                                     Sharon Burney
                                                      Plaintiff


Dated: _____, 2022          By: _____
                                                     Chastity McNeil
                                                      Plaintiff


Dated: _____, 2022          By: _____
                                                     Alicia Patterson
                                                      Plaintiff


Dated: _____, 2022          By: _____
                                                     Earl Browne
                                                      Plaintiff


Dated: _____, 2022          By: _____
                                                     Kimetra Brice
                                                      Plaintiff


Dated: _____, 2022          By: _____
                                                     Jill Novorot
                                                      Plaintiff


Dated: Feb 2, 2022 _____, 2022       By: _____
                                             george hengle (Feb 2, 2022 18:42 EST)
                                                     George Hengle
                                                      Plaintiff

Dated: Feb 2, 2022 _____, 2022       By: _____
Tamara Price (Feb 2, 2022 18:59 EST)
                                               Tamara Price
                                               Plaintiff

Dated: _____, 2022                    By: _____
                                               Lawrence Mwethuku
                                               Plaintiff

Dated: _____, 2022                    ELEVATE CREDIT, INC.

                                               By: _____

                                               Its: _____

Dated: _____, 2022                    7HBF NO. 2, LTD,

                                               By: _____

                                               Its: _____

Dated: _____, 2022                    By: _____
                                               Linda Stinson

Dated: _____, 2022                    By: _____
                                               Michael Stinson

Dated: _____, 2022                    By: _____
                                               Stephen J. Shaper

Dated: _____, 2022                    By: _____
                                               Startup Capital Ventures, L.P.

36

Dated: _____, 2022        By: _____
                                              Tamara Price
                                              Plaintiff


Dated: **Feb 2, 2022** _____, 2022   By: _____
                                              Lawrence Mwethuku (Feb 2, 2022 18:16 EST)
                                              Lawrence Mwethuku
                                              Plaintiff


Dated: _____, 2022        ELEVATE CREDIT, INC.

                                        By: _____

                                        Its: _____


Dated: _____, 2022        7HBF NO. 2, LTD,

                                        By: _____

                                        Its: _____


Dated: _____, 2022        By: _____
                                              Linda Stinson


Dated: _____, 2022        By: _____
                                              Michael Stinson


Dated: _____, 2022        By: _____
                                              Stephen J. Shaper


Dated: _____, 2022        By: _____
                                              Startup Capital Ventures, L.P.


36

_____

Tamara Price
Plaintiff

Dated: _____, 2022     By: _____

Lawrence Mwethuku
Plaintiff

Dated: _____February 3_____, 2022     ELEVATE CREDIT, INC.

By: _____

Its: _____President & CEO_____

Dated: _____, 2022     7HBF NO. 2, LTD,

By: _____

Its: _____

Dated: _____, 2022     By: _____

Linda Stinson

Dated: _____, 2022     By: _____

Michael Stinson

Dated: _____, 2022     By: _____

Stephen J. Shaper

Dated: _____, 2022     By: _____

Startup Capital Ventures, L.P.

Dated: _____, 2022  By: _____
               Tamara Price
               Plaintiff

Dated: _____, 2022  By: _____
               Lawrence Mwethuku
               Plaintiff

Dated: _____, 2022  ELEVATE CREDIT, INC.

            By: _____

            Its: _____

Dated: 2-3 _____, 2022  7HBF NO. 2, LTD,

            *Associated Properties -GP, LLC*
            By: _____

            Its: *manager.*

Dated: _____, 2022  By: _____
               Linda Stinson

41

By: _____

Its: _____


Dated: _____, 2022          7HBF NO. 2, LTD,

By: _____

Its: _____


Dated: February 3 , 2022          By: _Linda Stinson_
                                          Linda Stinson


Dated: February 3 , 2022          By: _____
                                          Michael Stinson


Dated: _____, 2022          By: _____
                                          Stephen J. Shaper


Dated: _____, 2022          By: _____
                                          Startup Capital Ventures, L.P.


38

 

_____
Tamara Price
Plaintiff


Dated: _____, 2022          By: _____
                                             Lawrence Mwethuku
                                                Plaintiff


Dated: _____, 2022          ELEVATE CREDIT, INC.

                                             By: _____

                                             Its: _____


Dated: _____, 2022          7HBF NO. 2, LTD,

                                             By: _____

                                             Its: _____


Dated: _____, 2022          By: _____
                                               Linda Stinson


Dated: _____, 2022          By: _____
                                               Michael Stinson


Dated: _____February 3_____, 2022          By: _____
                                               Stephen J. Shaper


Dated: _____, 2022          By: _____
                                             Startup Capital Ventures, L.P.


36

_____
Tamara Price
Plaintiff

Dated: _____, 2022          By: _____
Lawrence Mwethuku
Plaintiff

Dated: _____, 2022          ELEVATE CREDIT, INC.

By: _____

Its: _____

Dated: _____, 2022          7HBF NO. 2, LTD,

By: _____

Its: _____

Dated: _____, 2022          By: _____
Linda Stinson

Dated: _____, 2022          By: _____
Michael Stinson

Dated: _____, 2022          By: _____
Stephen J. Shaper

Dated: ___February 3___, 2022          By: _____
Startup Capital Ventures, L.P.

**APPROVED AS TO FORM:**

Dated: _____Feb. 3_____, 2022

KELLY GUZZO, PLC

By: _____

Andrew J. Guzzo

Attorneys for Plaintiffs

Dated: _____Feb 3_____, 2022

CONSUMER LITIGATION ASSOCIATES, P.C.

By: _____

Leonard A. Bennett

Attorneys for Plaintiffs

Dated: _____, 2022

TYCKO & ZAVAREEI, LLP

By: _____

Anna Haac

Attorneys for Plaintiffs

Dated: _____, 2022

REESE MARKETOS LLP

By: _____

Pete Marketos

Attorneys for Elevate, Linda Stinson, Michael Stinson, Stephen J. Shaper, and 7HBF No. 2, Ltd.

Dated: _____, 2022

PAGEL, DAVIS & HILL, , P.C.

By: _____

Martyn B. Hill

Attorneys for Startup Capital Ventures, L.P.

37

**APPROVED AS TO FORM**:

Dated: _____, 2022     KELLY GUZZO, PLC

                                    By: _____
                                              Andrew J. Guzzo

                                    Attorneys for Plaintiffs


Dated: _____, 2022     CONSUMER LITIGATION ASSOCIATES,
                                    P.C.

                                    By: _____
                                              Leonard A. Bennett

                                    Attorneys for Plaintiffs


Dated: ___February 3____, 2022     TYCKO & ZAVAREERI, LLP

                                    By: _____
                                              Anna Haac

                                    Attorneys for Plaintiffs


Dated: _____, 2022     REESE MARKETOS LLP

                                    By: _____
                                              Pete Marketos

                                    Attorneys for Elevate, Linda Stinson, Michael
                                    Stinson, Stephen J. Shaper, and 7HBF No. 2,
                                    Ltd.


Dated: _____, 2022     PAGEL, DAVIS & HILL,  , P.C.

                                    By: _____
                                              Martyn B. Hill

                                    Attorneys for Startup Capital Ventures, L.P.

**APPROVED AS TO FORM**:

Dated: _____, 2022      KELLY GUZZO, PLC

By: _____
            Andrew J. Guzzo

Attorneys for Plaintiffs

Dated: _____, 2022      CONSUMER LITIGATION ASSOCIATES, P.C.

By: _____
            Leonard A. Bennett

Attorneys for Plaintiffs

Dated: _____, 2022      TYCKO & ZAVAREERI, LLP

By: _____
            Anna Haac

Attorneys for Plaintiffs

Dated: _____Feb 3_____, 2022      REESE MARKETOS LLP

By: _____
            Pete Marketos

Attorneys for Elevate, Linda Stinson, Michael Stinson, Stephen J. Shaper, and 7HBF No. 2, Ltd.

Dated: _____Feb 3_____, 2022      PAGEL, DAVIS & HILL, P.C.

By: _____
            Martyn B. Hill

Attorneys for Startup Capital Ventures, L.P.

# Exhibit 1

Return Address Box 123
Return St, PA 12345-6789

E1234 0000001 P01 T00001 ************5-DIGIT 12345


John Q. Sample
123 Any Street
Any Town, PA 12345-6789

# If You Obtained a Loan or Line of Credit from
# Great Plains Lending, Plain Green, or MobiLoans
# You Could Get a Cash Payment from a Settlement.

*A federal court ordered this notice.  This is not a solicitation from a lawyer.*

- Read this Notice.  It states your rights and provides you with information regarding a proposed settlement of three Class Actions ("Settlement") against Michael and Linda Stinson ("the Stinsons"); Steven Shaper; and companies known as Elevate, Startup Capital Ventures ("SCV"), and 7HBF No. 2 Ltd. ("7HBF2") (collectively, the "Defendants") relating to loans originated by Great Plains Lending LLC ("Great Plains"), Plain Green LLC ("Plain Green"), and MobiLoans LLC ("MobiLoans").

- This Notice is a summary of information about the Settlement and explains your legal rights and options. You are a member of the class of borrowers who will be affected if the Settlement is approved by the Court. The class of borrowers includes anyone who took out a Great Plains loan, who took out a Plain Green loan prior to June 1, 2016, and/or who took a cash advance on a MobiLoans line of credit prior to May 6, 2017.

- This is the third Settlement and related Notice about a series of lawsuits claiming that Plain Green and Great Plains loans and MobiLoans lines of credit did not comply with various state and federal laws.  It says these loans and lines of credit were made at annual interest rates greater than what is permitted by state law or the lenders did not have a license to lend when one was required. The Defendants deny all claims in these lawsuits. The first settlement (called the "Think Finance Settlement") was finally approved in 2019 by the U.S. District Court for the Eastern District of Virginia in *Gibbs, et al. v. Plain Green, LLC, et al.*, No. 3:17-cv-495 and the Bankruptcy Court for the Northern District of Texas in *In re Think Finance, LLC*, No. 17-33964 ("Think Finance Bankruptcy"). The second settlement (called the "Sequoia/TCV Settlement") was finally approved in 2021 by the U.S. District Court for the Eastern District of Virginia in *Gibbs v. Rees*, No. 3:20-cv-717 and *Gibbs v. TCV V, LP*, No. 3:19-cv-789.

- The complete terms of the proposed Settlement are available at the Settlement website, **www.ThinkFinanceSettlement.com**.  You may also get further information about the Settlement at the following telephone number: 1-877-830-7932.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | You will remain a member of the Settlement Class and may be eligible for benefits, including cash payments.  You will give up rights to ever sue the Defendants and others about the legal claims in these lawsuits. |
| **EXCLUDE YOURSELF** | You can opt out of the Settlement, and you will not be eligible for any benefits, including any cash payments.  This is the only option that allows you to keep any rights you have to bring, or to become part of, another lawsuit involving the claims being settled.  There is no guarantee that another lawsuit would be successful or would lead to a larger or better recovery than in this Settlement. |
| **OBJECT TO THE SETTLEMENT** | If you do not exclude yourself, you may write to the Court about why you don't like the Settlement or why the Court should not approve it. |

## 1. WHY IS THERE A NOTICE?

This Notice is about a proposed Settlement that resolves three Class Action cases: *Gibbs v. Elevate*, No. 3:20-cv-632 (E.D. Va.), *Gibbs v. Stinson*, No. 3:18-cv-676 (E.D. Va.), and *Brice v. Stinson*, No. 3:19-cv-01481 (N.D. Ca.). The Settlement will be considered and must be approved by the United States District Court for the Eastern District of Virginia in Richmond, Virginia.

## 2. WHAT ARE THESE LAWSUITS ABOUT?

The claims involved in the Settlement are about loans and lines of credit made in the name of three companies that are owned by Native American Indian Tribes: Great Plains, Plain Green, and MobiLoans. Several companies, together called Think Finance, provided services to the Native American Indian Tribes. Think Finance was owned by the Stinsons, 7HBF2, SCV, and Shaper Defendants. Defendant Elevate Credit Inc. ("Elevate") spun off from Think Finance. For purposes of this Notice, the terms "loan" and "loans" refer to both installment loans and cash advances on lines of credit.

The Plaintiffs in the lawsuits covered by the Settlement claims that Defendants violated federal and various state laws by being involved in and/or supporting the making, servicing, and collecting of loans with annual interest rates greater than the amount allowed by state law and without required state licenses. Defendants vigorously deny these allegations and any wrongdoing.

Important case documents may be accessed at the Settlement website, **www.ThinkFinanceSettlement.com.**

## 3. WHY IS THIS A CLASS ACTION?

In a class action or proceeding, one or more people, called class representatives, bring an action on behalf of people who have similar claims. All of the people who have claims similar to the class representatives are a class members, except for those individuals who exclude themselves from the class. Here, Plaintiffs filed lawsuits against Defendants on behalf of themselves and similarly situated consumer borrowers.

## 4. HOW DO I KNOW IF I AM INCLUDED IN THE SETTLEMENT?

You are a member of the Settlement Class and would be affected by the Settlement if you obtained:

- A loan(s) from Great Plains Lending,
- A loan(s) from Plain Green before June 1, 2016,
- A cash advance prior to May 6, 2017 on a line of credit from MobiLoans.

If you received this Notice, we believe you are a member of the Settlement Class, and you will be a Settlement Class Member unless you exclude yourself.

## 5. WHAT DOES THE SETTLEMENT PROVIDE, AND HOW MUCH WILL MY PAYMENT BE?

The Defendants agreed to provide the following benefits and others more fully described at the Settlement website, **www.ThinkFinanceSettlement.com**.

These benefits are in addition to the benefits you may have received from the previous Think Finance and Sequoia/TCV Settlements:

a. **Cash Payments:** A $44,530,000 million fund will be created from contributions by Defendants to provide additional cash payments to Class Members.

   If the Settlement receives the Court's approval, and if you are entitled to any payment, a check for your portion will be automatically mailed to you, if you cashed your check from the prior Think Finance and Sequoia/TCV Settlements. **If you were entitled to payment from the prior Think Finance and Sequoia/TCV Settlements, but did not cash all of your checks, you will not be issued a cash payment for this Settlement unless you submit a request for payment to the Administrator.** You can go online to **www.ThinkFinanceSettlement.com** or call 1-877-830-7932 to make this request.

The amount of your check will depend on what you paid in principal and/or what you paid in interest above your state's legal limits, as well as the amount of money available in the settlement fund. The list of the rates by state used in this Settlement is available on the Settlement website, **www.ThinkFinanceSettlement.com**. You will only get a proportionate share of the recovery (because the total in settlement funds available likely will not be enough to pay everyone the full amount paid on their loan). You may also go to the website to determine if you would receive a payment, and you can contact the Administrator, using the contact information below, to get an estimate of the amount you likely would receive if the Settlement is approved.

The Settlement Administrator will mail the check to the same address as this Notice, so please update your address if you move.

You will **not** receive a cash payment, but will receive other benefits, if you:
- Did not make any payments on your Great Plains Lending, Plain Green, or MobiLoans loan; or
- Lived in Arizona, Arkansas, Colorado, Connecticut, Idaho, Illinois, Indiana, Kansas, Kentucky, Massachusetts, Minnesota, Montana, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Pennsylvania, Ohio, South Dakota, Vermont, Virginia, and Wisconsin and did not make payments above the principal on your loan; or
- Lived in Alabama, Alaska, California, Delaware, Florida, Georgia, Hawaii, Iowa, Louisiana, Maine, Maryland, Michigan, Mississippi, Missouri, Nebraska, North Dakota, Oklahoma, Oregon, Rhode Island, South Carolina, Tennessee, Texas, Washington, West Virginia, Washington D.C., and Wyoming and did not pay interest above your state's legal limits;
- Lived in Utah or Nevada (which had no interest restrictions); or
- Did not cash your check from the prior Think Finance and/or Sequoia/TCV Settlement and do not submit a request for payment to the Administrator.

b.  **Injunctive Relief**: The Settlement provides that Elevate will no longer provide service to Think Finance related companies that were the basis for the claims in *Gibbs v. Elevate*, No. 3:20-cv-632 (E.D. Va.),

c.  **Future Recoveries:** It is possible that you will also receive additional cash payments and/or benefits as a result of future lawsuits or claims being pursued by a Litigation Trustee as part of the Think Finance bankruptcy or against other non-settling defendants in other lawsuits.

## 6.   WHAT DO I HAVE TO DO TO RECEIVE MY PAYMENT?

You do not have to take any action if you cashed the checks you were sent from the prior Think Finance and Sequoia/TCV Settlements. *If you are entitled to a cash payment and cashed your check from the prior Think Finance and Sequoia/TCV Settlements*, the Settlement Administrator will automatically mail you a check approximately 60 days after the Court grant final approval to the Settlement and any appeals are resolved. *If you qualify for a cash payment and DID NOT cash your check from the prior Think Finance or Sequoia/TCV Settlements*, you must request payment from the Settlement Administrator now to receive your cash payment. You can go online to **www.ThinkFinanceSettlement.com** or call 1-877-830-7932 to make this request.

The Settlement Administrator will mail the check to the same address as this Notice, so please update your address if you move. You can contact the Settlement Administrator at the telephone number or address below if your address has changed.

To find out if you qualify for a cash payment, go to **www.ThinkFinanceSettlement.com** or call 1-877-830-7932.

## 7.   WHAT AM I GIVING UP TO GET A BENEFIT AND STAY IN THE SETTLEMENT CLASS?

Unless you exclude yourself, you are a member of the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against, or recover any additional monies from, the Released Parties concerning the claims relating to your Great Plains, Plain Green, or MobiLoans loan(s).  The Released Parties include: (1) Elevate Credit, Inc. ("Elevate"), Christopher Lutes, Sarah Cutrona, Jason Harvison, Cutrona Charitable Foundation ("CCF"), and Starfish Private Foundation (collectively, the "Elevate Defendants"); (2) Michael and Linda Stinson ("the Stinsons"); (3) 7HBF No. 2 Ltd. ("7HBF2"); (4) Startup Capital Ventures, L.P. ("SCV"); (5) Steven Shaper; and (6) additional Released Parties from a complete list that can be found in the Settlement Agreement, available at the Settlement website, **www.ThinkFinanceSettlement.com**.

Staying in the Class will also mean that you release all claims against the Released Parties arising out of or relating in any way to your Great Plains, Plain Green, or MobiLoans loan(s), regardless of whether such claim is known or unknown, asserted or as yet un-asserted.  Staying in the Class also means that any Court orders pertaining to the Settlement will apply to you and legally bind you.

The Settlement provides that Plaintiffs' claims will be resolved with no further litigation against those Defendants who are part of the Settlement. Those Defendants, and certain related companies and individuals, will be released from all further liability related to the loans within the scope of the Settlement, or related conduct.

The complete Release and list of Released Parties can be found in the Settlement Agreement, available on the Settlement website, **www.ThinkFinanceSettlement.com**.

## 8.   HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?

To be excluded from the Settlement(s), you must send an "Exclusion Request" by mail.  You may download a form to use from the Settlement website or you may send your own letter which must include:
- Your name, address, and telephone number,
- The name of the Action(s) you wish to be excluded from: *Gibbs v. Elevate*, No. 3:20-cv-632 (E.D. Va.)
- A statement that you want to be excluded: "I request to be excluded from the class settlement in this case," and
- Your Signature.

Your Exclusion Request must be **postmarked** no later than _____, 2022, to:   Think Finance Settlement
c/o Settlement Administrator
P.O. Box 1387
Blue Bell, PA 19422

## 9.   HOW DO I TELL THE COURT THAT I OBJECT TO AND DO NOT LIKE THE SETTLEMENT?

Objecting to the Settlement is different than excluding yourself from the Settlement.

If you are a Settlement Class Member and you do not exclude yourself from the Settlement(s), you can object to the Settlement(s) if you think the Settlement(s) are not fair, reasonable, or adequate, and that the Court should not approve the Settlement(s).  You also have the right to appear personally and be heard by the Judge.  The Court and Class Counsel will consider your views carefully.

To object, you must send a letter stating your views to both of the addresses listed below:

| COURT | SETTLEMENT ADMINISTRATOR |
|---|---|
| Clerk of the Court | Think Finance Settlement |
| United States District Court | c/o Settlement Administrator |
| Eastern District of Virginia | P.O. Box 1387 |
| 701 E. Broad St. | Blue Bell, PA 19422 |
| Richmond, VA 23219 | |

You should include the docket number on the front of the envelope and letter you file to the Court for the Settlement(s) you intend to object to: "FOR THE *Gibbs v. Elevate*, No. 3:20-cv-632 (E.D. Va.) Settlement".

All objections must include:
- Your name, address, telephone number, and e-mail address;
- The name of your counsel (if any), including any former or current counsel who may seek compensation for any reason related to your objection;
- Your account number (if you know it) with the Tribal Lender;
- A sentence explaining the basis on which you claim to be a Settlement Class Member;
- Factual basis and legal grounds for the objection to the Settlement; and
- A statement if you or your counsel want to appear personally at the hearings.

**Objections must be filed with the above Court and sent to the above addresses so that they are postmarked no later than** <mark>_____</mark>**, 2022.**

## 10. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a final fairness hearing to decide whether to approve the Settlement on <mark>_____, 2022</mark> at __:00 p.m. in the courtroom of Judge Hannah M. Lauck of the United States District Court for the Eastern District of Virginia, 701 E. Broad St., Richmond, VA 23219.  At this hearing, the Court will consider whether the Settlements are fair, reasonable, and adequate.

If there are objections or comments, the Court will consider them at that time.  The hearing may be moved to a different date or time without additional notice.  Please check **www.ThinkFinanceSettlement.com** or call 1-877-830-7932 to be kept up-to-date on the hearing date, time, and location.

## 11. DO I HAVE TO COME TO THE HEARING?

No.  But you are welcome to come at your own expense.  As long as you mailed your written objection on time, the Court will consider it.  You may also hire a lawyer to appear on your behalf at your own expense.

## 12. DO I HAVE A LAWYER IN THE CASE?

Yes.  The Court has appointed the following law firms as Class Counsel to represent you and all other members of the Settlement Class:

| Kristi C. Kelly<br>Andrew J. Guzzo<br>Kelly Guzzo, PLC<br>3925 Chain Bridge Road, Suite 202<br>Fairfax, VA 22030 | Leonard A. Bennett<br>Consumer Litigation Associates, P.C.<br>763 J. Clyde Morris Blvd., Suite 1A<br>Newport News, VA 23601 | Anna C. Haac<br>Tycko & Zavareei, LLP<br>1828 L Street, NW, Suite 1000<br>Washington, DC 20036 |
|---|---|---|

These lawyers will not separately charge you for their work on the case.  If you want to be represented by your own lawyer, you may hire one at your own expense.

## 13. HOW WILL THE LAWYERS BE PAID?

Class Counsel are permitted to ask the Court in the Eastern District of Virginia case for an award of attorneys' fees not to exceed one third of the amount paid by Defendants.  The amounts awarded by the Court will reduce the distributions to Class Members.

Class Counsel will also ask the Court to approve a $20,000 payment to each of the individual Plaintiffs in the Eastern District of Virginia litigation subject to this Settlement.  The Plaintiffs made substantial contributions to prosecute these lawsuits for the benefit of the Class.  The Court will ultimately decide how much Class Counsel and individual Plaintiffs will be paid.

The Settlement contains a number of detailed provisions for the allocation of the fund, including amounts to be paid for attorneys' fees.  The details about fund distribution are in the Settlement documents, available on the website at <mark>www.ThinkFinanceSettlement.com.</mark>

## 14. HOW DO I GET MORE INFORMATION?

This Notice summarizes the proposed Settlement. You can get a copy of the Settlement Agreement and other relevant case-related documents by visiting <mark>www.ThinkFinanceSettlement.com</mark>, calling the Settlement Administrator at 1-877-830-7932, contacting Class Counsel at the addresses above in Question 12, or emailing classcounsel@ThinkFinanceSettlement.com.

**PLEASE DO NOT SEND ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO**
**THE CLERK OF THE COURT, JUDGE, DEFENDANTS OR DEFENDANTS' COUNSEL.**
**THEY ARE NOT PERMITTED TO ANSWER YOUR QUESTIONS.**

# EXHIBIT 2

*UNITED STATES DISTRICT COURT*
*EASTERN DISTRICT OF VIRGINIA*
Case No. 3:18-cv-676

# EXCLUSION REQUEST FORM
### Must be postmarked by XXXX

 **THIS IS NOT A CLAIM FORM. This form removes you from the settlement.  If you submit this form, you will not be eligible for any benefits, including a cash payment.**

COMPLETE AND RETURN THIS FORM BY XXXX only if you do **not** want to be part of the settlement of these cases, or if you intend to file a separate lawsuit on your own about the claims in these class action cases. If you exclude yourself, the attorneys for the class will no longer represent you in these cases.

BY COMPLETING THIS FORM, you are **excluding** yourself from participating in the settlement of these cases, and you will not receive any money.  If you submit this form and want to obtain any money, you will then have to file your own lawsuit. You may need to get your own attorney. You must file your own lawsuit before time runs out, so you should contact your own attorney to make sure you file a complaint in the appropriate court before the deadline set by the applicable statutes of limitations.

| **Section I: Exclusion** |
|---|
| ☐   I request to be excluded from the Class Settlement *Gibbs v. Stinson*, Case No. 3:18-cv-676 |

| **Section II: Contact Information** |
|---|
| Full Name: _____<br><br>Current Address: _____<br><br>_____<br><br>_____<br><br>Phone Number: _____<br><br>Last Four Digits of SSN: _____ |

| **Section III: Signature** |
|---|
| Signature: _____<br><br>Date: _____ |

Exclusion Request Forms must be mailed to:
Think Finance Settlement
c/o Settlement Administrator
P.O. Box 1387
Blue Bell, PA 19422

# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| DARLENE GIBBS, *et al.*, *on behalf of themselves and all individuals similarly situated*, | |
| Plaintiffs, | |
| v. | Civil No: 3:20-cv-00632 (MHL) |
| ELEVATE CREDIT, INC., | |
| Defendant. | |

| | |
|---|---|
| DARLENE GIBBS, *et al., on behalf of themselves and all individuals similarly situated* | |
| Plaintiffs, | |
| v. | Civil Action No. 3:18-cv-676 (MHL) |
| MIKE STINSON, *et al.,* | |
| Defendants. | |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT**

Plaintiffs Darlene Gibbs, Stephanie Edwards, Lula Williams, Patrick Inscho, Sharon Burney, Chastity McNeil, Alicia Patterson, Earl Browne, Kimetra Brice, Lawrence Mwethuku, George Hengle, Tamara Price and Jill Novorot ("Plaintiffs"), for themselves and the Settlement Class Members, have moved the Court for preliminary approval of a proposed class action settlement with Defendants Elevate Credit, Inc. ("Elevate"), Startup Capital Ventures, L.P. ("SCV"), Linda Stinson, Michael Stinson, Stephen J. Shaper, and 7HBF No. 2, Ltd. (with Plaintiffs, the "Parties"), the terms and conditions of which are set forth in the Class Action Stipulation and Agreement of Settlement filed with the Court on **[DATE]** (ECF No. **[INSERT]**)

("Settlement Agreement") as an exhibit to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Motion").[1] The Settlement Agreement finally resolves three actions, two brought in this District (*Gibbs v. Stinson*, Case No. 3:18-cv-676 and *Gibbs v. Elevate*, Case No. 3:20-cv-632) which were consolidated for settlement purposes (referred to herein as the "Consolidated Action"), and one brought in the United States District Court for the Northern District of California (*Brice v. Stinson*, Case No. 3:19-cv-1481) (together with the Consolidated Action, referred to herein as the "Actions").

Upon review and consideration of Plaintiffs' Preliminary Approval Motion, the Settlement Agreement, and the exhibits attached to the foregoing, **IT IS HEREBY ORDERED** as follows:

1.      This Preliminary Approval Order incorporates the Settlement Agreement, and the capitalized terms used herein, unless stated otherwise, shall have the meanings and/or definitions given to them in the Settlement Agreement, as if fully set forth in this Order.

2.      The Settlement, on the terms and conditions stated in the Settlement Agreement, is preliminarily approved by this Court as being fair, reasonable and adequate, free of collusion or indicia of unfairness, and within the range of possible final judicial approval. In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the Parties involved in both settlement of these claims and the continuation of the litigation, and finds that the settlement between the Settlement Class and Defendants was arrived at through arm's length negotiations, with the assistance of two experienced Magistrate Judges as mediators, and following extensive factual development and litigation in the Actions.

## CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

3.      For purposes of the Settlement, and conditioned upon the Settlement receiving final

---

[1]  All capitalized terms used herein have the meanings set forth in the Settlement Agreement.

approval following the Final Fairness Hearing, this Court hereby conditionally certifies a Class for settlement purposes only (the "Settlement Class"), defined as follows and subject to the stated exclusions below:

    a. The Settlement Class includes all persons within the United States to whom Great Plains has lent money; all persons within the United States to whom Plain Green lent money prior to June 1, 2016; and all persons within the United States to whom MobiLoans lent money prior to May 6, 2017.

    b. Excluded from the Class are the Judge presiding over the Actions and the Court staff, as well as those Class Members who opt out from the Settlement pursuant to the procedures set forth in the Settlement Agreement.

    4.    The Court preliminarily finds that, for settlement purposes and conditioned upon the entry of this Order, the Final Approval Order, and the occurrence of the Effective Date, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied. The Court finds, in the specific context of this Settlement, that the following requirements are met: (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) Plaintiffs' claims are typical of the claims of the Settlement Class Members; (d) Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so, and Plaintiffs have retained experienced counsel to represent them; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23 and is superior to alternative means of resolving the claims and disputes at issue between the Parties in the Consolidated Action. The Court also concludes that, because the litigation between the Parties is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a class action involving the issues in this case.

5.     The Court finds that the Settlement falls within the range of reasonableness because it provides for meaningful remediation relative to the merits of Plaintiffs' claims and Defendants' defenses in that Settlement Class Members will obtain substantial monetary relief, as well as injunctive relief. The Settlement also has key indicia of fairness in that settlement negotiations occurred at arm's length with the assistance of experienced Magistrate Judges as mediators and following significant discovery and litigation undertaken by the Parties in the Actions, including the review of hundreds of thousands of pages of documents.

6.     For purposes of Settlement only, the Court finds and determines that Plaintiffs will fairly and adequately represent the interests of the Settlement Class in enforcing the rights of the Settlement Class, and thus hereby appoints Darlene Gibbs, Stephanie Edwards, Lula Williams, Patrick Inscho, Sharon Burney, Chastity McNeil, Alicia Patterson, Earl Browne, Kimetra Brice, Lawrence Mwethuku, George Hengle, Tamara Price, and Jill Novorot as representatives of the conditionally certified Settlement Class ("Class Representatives").

7.     For purposes of the Settlement only, the Court appoints as Class Counsel the law firms of Kelly Guzzo PLC, Consumer Litigation Associates, P.C., and Tycko & Zavareei, LLP. For purposes of these settlement approval proceedings, the Court finds that these law firms are competent and capable of exercising their responsibilities as Class Counsel and have fairly and adequately represented the interests of the Settlement Class for settlement purposes.

**CLASS NOTICE AND SETTLEMENT ADMINISTRATION**

8.     Since the Settlement Agreement is within the range of reasonableness and possible final approval, notice shall be provided to the Settlement Class pursuant to the Settlement Agreement. The Court approves, as to form and content, the Final Class Notices submitted by Plaintiffs on **[DATE]**. ECF No. **[INSERT]**.

9.      The Court further hereby appoints **[INSERT]** as the Settlement Administrator. The Settlement Administrator shall abide by the terms and conditions of the Settlement Agreement that pertain to the Settlement Administrator. As further set forth in the Settlement Agreement, the Settlement Administrator shall be responsible for, without limitation: (a) disseminating Notice to the Settlement Class; (b) handling returned mail not delivered to members of the Settlement Class; (c) fielding inquiries about the Settlement Agreement; (d) receiving and maintaining Settlement Class member correspondence regarding requests for exclusion; (e) establishing a Settlement website with relevant case documents to which members of the Settlement Class may refer for information about the Actions and the Settlement; (f) establishing a toll-free telephone line to receive calls from Settlement Class Members; and (j) carrying out such other responsibilities as are provided for in the Settlement Agreement or agreed to by the Parties.

10.     The Court directs the Settlement Administrator, in accordance with the Settlement Agreement, to cause a copy of the Class Notice to be sent in substantially the same form as the Notice submitted by Plaintiffs on **[DATE]**, by a combination of e-mail notice to verified e-mail addresses and/or by U.S. mail, postage prepaid to each Settlement Class Member identified on the Class List. The Settlement Administrator shall use best practices to identify current Class Members and will act in accordance with the process stated within the Settlement Agreement.

11.     The Court further directs the Settlement Administrator to establish the Settlement Website and secure a toll-free telephone number as set forth in the Settlement Agreement, which shall be operational within 30 days after the Court enters this Preliminary Approval Order.

12.     No later than twenty-one (21) days before the Final Fairness Hearing, the Settlement Administrator shall file a declaration with this Court verifying that the mailing of the Settlement Class Notice was completed in a timely manner and in accordance with the Settlement

Agreement and this Order.

13.     The Court finds that the Class Notices submitted by Plaintiffs on **[DATE]**, specifically, and, more generally, the notice program described above and set forth in the Settlement Agreement constitutes the best notice practicable under the circumstances and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure. The Court finds that the language of the proposed Class Notice is plain and easy to understand and provides neutral and objective information about the nature of the Settlement. Furthermore, the Court finds that the notice program complies with Rule 23(e) of the Federal Rules of Civil Procedure as it is a reasonable manner of providing notice to those Settlement Class Members who would be bound by the Settlement of the pendency of the Actions and their right to participate in, object to, or exclude themselves from the Settlement. The Court also finds that the Notice Program complies with Rule 23(c) as it provides for individual notice to all Settlement Class Members and is thus the best notice practicable under the circumstances. In addition, Settlement Class Members will have access to the Settlement Website and a toll-free telephone line for purposes of obtaining additional information about the Settlement.

14.     Class Notice and Settlement administration costs as set forth in the Settlement Agreement shall be paid from the Settlement Fund and/or Litigation Trust.

**REQUESTS FOR EXCLUSION**

15.     Settlement Class Members may elect to exclude themselves or "opt-out" from the Settlement Agreement by following the procedures set forth in the Settlement Agreement for doing so. In the event a Settlement Class Member wishes to be excluded from the Settlement and not to be bound by the Settlement Agreement, that person must, prior to the Opt-Out Deadline, advise the Settlement Administrator in writing of that intent. In the written request for exclusion, the

Settlement Class Member must state his or her full name, address, and telephone number. Further, the Settlement Class Member must include a statement in the written request that he or she wishes to be excluded from the Settlement Agreement in the Consolidated Action. The request must also be signed by the Settlement Class Member.

16.     Any request for exclusion or opt out must be postmarked on or before the Opt-Out Deadline of **[DATE]**. The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. The Court retains jurisdiction to resolve any disputed exclusion requests.

17.     A Settlement Class Member who opts out of the Settlement may opt back in so long as the opt-in request is received prior to the Opt-Out Deadline.

18.     No one shall be permitted to exercise any exclusion rights on behalf of any other person, whether as an agent or representative of another or otherwise, except upon proof of a legal power of attorney, conservatorship, trusteeship, or other legal authorization, and no one may exclude other persons within the Settlement Class as a group, class, or in the aggregate.

19.     Any member of the Settlement Class who submits a valid and timely request for exclusion will not be a Settlement Class Member, shall not be bound by the terms of the Settlement Agreement, and shall relinquish their rights to benefits with respect to the Settlement Agreement, should it be finally approved, and may not file an objection to the Settlement Agreement or to any application for reimbursement of attorneys' fees and costs or Service Awards or otherwise intervene in this Consolidated Action.

20.     Any Settlement Class Member who does not submit a valid and timely request for exclusion shall be bound by all the terms and provisions of the Settlement Agreement, including any Release set forth therein, the Final Approval Order, and the Final Judgment, whether or not

such Settlement Class Member objected to the settlement.

21.    The Settlement Administrator shall provide copies of any requests for exclusion to the Parties as provided in the Settlement Agreement.

## OBJECTIONS

22.    Any Settlement Class Member who does not opt out of the Settlement and intends to object to any aspect of the proposed Settlement, request for reimbursement of attorneys' fees and costs, or Service Awards, must file a written objection signed by the Settlement Class Member with the Court by the Objection Deadline of **[DATE]**. For an objection to be considered by the Court, the objection must include the name of this case and also set forth and include the following:

a.   the Settlement Class Member's full name, address, email address, and telephone number;

b.   an explanation of the basis upon which the Objector claims to be a Settlement Class Member;

c.   the reasons for his or her objection, accompanied by any legal or factual support for the objection;

d.   the name of counsel for the Objector (if any), including any former or current counsel who may seek compensation for any reason related to the objection to the Settlement, the fee application, or the application for Service Awards; and

e.   information about other objections the Objector or his or her counsel have made in other class action cases in the last four (4) years; and

f.   whether he or she intends to appear at the Final Fairness Hearing on his or her own behalf or through counsel.

23.    A Settlement Class Member may not both opt out of the Settlement and object. If a Settlement Class Member submits both a request for exclusion and objection, the request for exclusion will control.

24.    No member of the Settlement Class or counsel retained by such a member of the Settlement Class shall be entitled to be heard at the Final Fairness Hearing unless the Objector or his or her attorneys who intend to make an appearance at the Final Fairness Hearing state their intention to appear in the objection filed with the Court in accordance with the preceding

paragraphs. Counsel for any such member of the Settlement Class must enter his or her appearance with the Court by the Objection Deadline.

25.     Any Settlement Class Member who fails to file and serve a valid and timely written objection in the manner specified above shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement, including but not limited to the compensation to Settlement Class Members, the award of Class Counsel's attorneys' fees and reimbursement of costs, the Service Awards, or the Final Judgment.

## FINAL FAIRNESS HEARING

26.     A Final Fairness Hearing shall be held on **[DATE]** at 1:00 p.m. before this Court in Courtroom 6100 of the Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal Courthouse, 701 East Broad Street, Richmond, VA 23219. At the Final Fairness Hearing, the Court will consider and determine: (1) whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate; (2) whether any objections to the Settlement Agreement should be overruled; (3) whether Class Counsel's requested attorneys' fees and costs and the Service Awards to the Class Representatives should be approved; and (4) whether a judgment finally approving the Settlement Agreement should be entered. The date of the Final Fairness Hearing may be continued by the Court from time to time without the necessity of further notice to the Settlement Class.

27.     Any Settlement Class Member may enter an appearance in this Consolidated Action, at his or her own expense, individually or through counsel. However, if a Settlement Class Member wishes to object to the Settlement at the Final Fairness Hearing (either personally or through counsel), the Settlement Class Member must submit a written objection as set forth in the Settlement Agreement and this Order. All Settlement Class Members who do not enter an

appearance will be represented by Class Counsel.

28.     The motion for final approval of the Settlement Agreement and any papers the Parties wish to submit in support of final approval of the Settlement Agreement, shall be filed with the Court no later than twenty-one (21) calendar days prior to the Final Fairness Hearing. Any response to any Objection to the Settlement Agreement shall be filed with the Court no later than fourteen (14) calendar days prior to the Final Fairness Hearing.

## STAY OF LITIGATION

29.     Pending the Final Fairness Hearing, all proceedings in this Consolidated Action are stayed and suspended as between Plaintiffs and Defendant until further order of this Court, except such actions as may be necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Preliminary Approval Order.

## OTHER PROVISIONS

30.     For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings relating to the interpretation, administration, implementation, effectuation, and enforcement of this Settlement.

31.     Any deadlines set in this Preliminary Approval Order may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class, except that notice of any such extensions shall be posted to the Settlement Website. Members of the Settlement Class should check the Settlement Website regularly for updates, changes, and/or further details regarding extensions of these deadlines.

32.     The Parties are directed to carry out their obligations under the Settlement Agreement and are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the

Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement or to the form or content of the Class Notice that the Parties jointly agree are reasonable or necessary, and which do not limit the rights of Settlement Class Members under the Settlement Agreement.

33.     In the event that the proposed Settlement is not finally approved by the Court, or in the event that the Settlement Agreement becomes null and void or terminates pursuant to its terms, this Preliminary Approval Order and all orders entered in connection with the Settlement Agreement shall become null and void, shall be of no further force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed.

**IT IS SO ORDERED.**


Dated: _____         _____
                                   Hon. M. Hannah Lauck
                                   United States District Court Judge


11

# Exhibit 3

## Consent to Settle and Release

**WHEREAS,** October 14, 2018, Darlene Gibbs, Stephanie Edwards, Lula Williams, Patrick Inscho, George Hengle, Tamara Price, and Lawrence Mwethuku filed a class action complaint against Michael Stinson and 7HBF No. 2, Ltd., in the United States District Court for the Eastern District of Virginia, Case No. 3:18-cv-676 (*Gibbs et al. v. Stinson et al.*) (the "Virginia Action");

**WHEREAS** on February 1, 2019, the class action complaint was amended to add Linda Stinson and Stephen J. Sharper, among others, as defendants;

**WHEREAS** on March 21, 2019, Kimetra Brice, Jill Novorot, and Earl Browne filed a class action complaint against Linda Stinson, Michael Stinson, Stephen J. Shaper, and 7HBF No. 2, Ltd., in the United States District Court for the Northern District of California, No. 3:19-cv-1481 (*Brice et al. v. Stinson et al.*) (the "California Action");

**WHEREAS**, on August 14, 2020, Darlene Gibbs, Stephanie Edwards, Lula Williams, Patrick Inscho, Sharon Burney, Chastity McNeil, Alicia Patterson, Earl Browne, Kimetra Brice, and Jill Novorot, Jeri Brennan, and Lawrence Mwethuku (collectively the "Consumer Plaintiffs") filed a class action complaint against Elevate Credit, Inc. (the "Complaint"), in the United States District Court for the Eastern District of Virginia (the "District Court"), Case No. 3:20-cv-632 (*Gibbs et al. v. Elevate Credit, Inc.*) (the "Elevate Action"). The Complaint was amended on September 15, 2020;

**WHEREAS,** on October 23, 2017, *Think Finance, LLC et al* (the "Debtors") filed chapter 11 in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court") (Case No. 17-33964). The Bankruptcy Court entered an Order (the "Confirmation Order") confirming the Debtors' Second Modified First Amended Chapter 11 Plan of Reorganization (the

"Plan") on December 2, 2019 [D.I. 1664]. Among other things, the Confirmation Order established the Think Finance Litigation Trust (hereafter "Litigation Trust"), appointed Russell F. Nelms to serve as the Litigation Trustee, and incorporated the Consumer Litigation Settlement and Litigation Trust Agreement.  Pursuant to the terms of the Plan, certain Causes of Action, including intentional and constructive fraudulent transfer claims against Elevate Credit Inc. ("Elevate") and shareholders of the Debtors, including Linda Stinson, Steve Shaper, 7HBF No.2, Ltd, and the Tyler W.K. Head Trust, were transferred to the Litigation Trust to prosecute for the beneficiaries of the Litigation Trust, who include the same consumers defined within the Settlement Class in the Settlement Agreement between the Consumer Plaintiffs and Elevate;

      **WHEREAS**, after the expiration of the Fifth Tolling Agreement between the Litigation Trust and Elevate, the Litigation Trustee filed an adversary proceeding styled as *The Hon. Russell F. Nelms (Ret.), Litigation Trustee for the Think Finance Litigation Trust v. Elevate Credit, Inc. (In re Think Finance, LLC)*, Adv. Pro. No. 20-03099 on August 14, 2020, in the Bankruptcy Court (the "Spinoff Case") seeking no less than $246,000,000 in damages for intentional fraudulent and constructive fraudulent transfers.  The Litigation Trust was also substituted in as plaintiff in the adversary proceeding styled as *Think Finance Litigation Trust v. 4H Investco LP, et al.*, Adv. Pro. No. 3:19-3201, in the Bankruptcy Court which also sought $60,000,000 in damages (the "Shareholder Case") for intentional fraudulent and constructive fraudulent transfers against Christopher Lutes, Sarah Cutrona, Jason and Daria Harvison, Cutrona Charitable Foundation, Starfish Private Foundation, Linda Stinson, Steve Shaper, 7HBF No.2, Ltd, and the Tyler W.K. Head Trust (the "Settling Shareholder Defendants"), and over 80 others.  The Virginia Action, the California Action, the Elevate Action, the Spinoff Case, and the Shareholder Case are collectively

referred to as the "Actions"[1];

**WHEREAS**, the Litigation Trustee and his counsel completed substantial work in litigating the Spinoff Case and Shareholder Case and incurred attorneys' fees and expenses to the benefit of the consumers who are members of the Settlement Class including: (i) obtaining and analyzing over 2.1 million documents and financials from the Debtors and third-parties regarding the Debtors' business enterprise, tax free spin-off of Elevate, and transfers to the shareholders; (ii) preparing and filing the complaints in the Spinoff Case and Shareholder Case (together, the "Adversary Proceedings"); (iii) completing extensive written discovery; (iv) defeating motions to dismiss and litigating numerous discovery motions in both Adversary Cases; (v) taking and defending close to 20 depositions; (vi) assisting experts in the preparation of complex reports on solvency and value exchanged, expected economic damages from disputed litigation claims, and tribal lending; (vii) conducting substantial legal research on fraudulent transfers and tribal lending issues; (viii) arguing at numerous evidentiary hearings in the Bankruptcy Court; (ix) participating in mediation with the Chief Bankruptcy Judge for the Southern District of Texas; (x) negotiating and settling claims in the Shareholder Case against the other approximate 90+ co-defendants; and (xi) voluntarily participating in the settlement conferences in the District Court to work toward a global resolution;

**WHEREAS**, after arm's-length negotiations, effective as of November 23, 2021 and January 20, 2022, the Litigation Trustee, the Consumer Plaintiffs, Elevate, and the Settling Shareholder Defendants, entered binding Memorandum of Understandings that were negotiated with the assistance of Magistrate Judge Mark R. Colombell (the "MOUs") to globally resolve the Actions with respect to Elevate and the Settling Shareholder Defendants. The Stipulation and

---

[1] The term "Actions" does not include the litigation or claims against Stephen Haynes, Haynes Investments, LLC, or Sovereign Business Solutions, LLC.

Agreement of Settlement (the "Settlement Agreement"), and this Consent to Settlement and Release, incorporate the terms of the MOUs. Upon execution of the Settlement Agreement and this Consent to Settlement and Release, the Consent to Settlement and Release and the Settlement Agreement supersede the MOUs and are binding in all respects;

**WHEREAS**, the Consumer Plaintiffs have agreed to a Settlement Agreement with Elevate and the Settling Shareholder Defendants that is contingent upon agreement by the Litigation Trust to settle, release, and dismiss with prejudice the claims asserted in the Spinoff Case and the Shareholder Case;

**NOW THEREFORE**, in consideration of the Recitals and the consideration provided to the Consumer Borrowers under the Settlement Agreement, Elevate, the Settling Shareholder Defendants, and the Litigation Trustee hereby execute this Consent to Settlement and Release Agreement, and further agree as follows:

1.      Elevate shall purchase the 924,495 shares in Elevate owned by the Litigation Trust at $3.44 per share (the "Stock Purchase"). Within 7 days of full execution of this Consent to Settlement and Release Agreement, Elevate shall pay $3,180,262.80 for the Stock Purchase by wire transfer to the Litigation Trust. Within 3 days of the receipt of the wire transfer for the Stock Purchase, the Litigation Trustee shall instruct UBS to initiate the transfer of the 924,495 shares of ELVT to Elevate. The Litigation Trustee represents that the 924,495 shares of ELVT in Elevate referenced above are all the ELVT shares owned by the Litigation Trust. The Stock Purchase shall not be contingent on the Final Approval Order, and in the event the District Court denies final approval, the Stock Purchase will be unaffected thereby.

2.      Elevate shall pay the sum of $33,000,000 as set forth in section 3.4 of the Settlement Agreement (the "Elevate Monetary Consideration"). The Settling Shareholder Defendants shall

pay the sum of $11,000,000 as set forth in section 3.4 of the Settlement Agreement (the "Settling Shareholder Monetary Consideration", and together with the Elevate Monetary Consideration, the "Monetary Consideration").  Elevate and the Settling Shareholder Defendants' obligation to pay the Monetary Consideration is contingent upon final approval of the Settlement Agreement by the District Court in *Gibbs et al. v. Elevate Credit, Inc.*, Case No. 3:20-cv-632.

3.      The Litigation Trustee shall move to stay the Adversary Proceedings as to the released parties within 7 days of execution of this Consent to Settlement and Release;

4.      If the Settlement Agreement receives final approval under Fed. R. Civ. P. 23 by the District Court, the Litigation Trustee shall move to dismiss the Adversary Proceedings as to the released parties and Settling Shareholder Defendants with prejudice within 7 days after Elevate and the Settling Shareholder Defendants make their final payment in accordance with the Settlement Agreement.  This Consent to Settle and Release and the Settlement Agreement are conditioned upon the dismissal with prejudice of all claims asserted against Elevate and the Settling Shareholder Defendants.  Within 30 days of the filing of the dismissal of claims against Elevate and the Settling Shareholder Defendants, (a) Elevate and the Settling Shareholder Defendants' counsel will certify to counsel for the Litigation Trustee in writing that Elevate and the Settling Shareholder Defendants have destroyed all documents produced to Elevate by the Litigation Trustee; and (b) the Litigation Trustee's counsel will certify to counsel for Elevate and the Settling Shareholder Defendants in writing that the Litigation Trustee has destroyed all documents produced to the Litigation Trustee by Elevate and the Settling Shareholder Defendants, except for documents and data necessary for the Litigation Trustee to make distributions in accordance with the Plan, to file tax returns, or to wind down the Trust.

5.      In the event of non-payment by Elevate of the Stock Purchase or the Elevate Monetary Consideration, the Settlement Agreement and this Consent to Settlement and Release Agreement as to Elevate shall be null and void provided that: (1) the Litigation Trustee provide written notice of the default to Elevate's counsel; and (2) Elevate does not cure the non-payment within 10 days. If Elevate does not cure the default within 10 days, the stay shall terminate in the Spinoff Case and the parties hereto shall meet and confer about new deadlines for a scheduling order. Likewise, in the event that the (i) District Court in *Gibbs et al. v. Elevate Credit, Inc.*, Case No. 3:20-cv-632 declines to preliminarily or finally approve the Settlement Agreement, or requires material modifications of the Agreement that are not acceptable to Elevate, Class Counsel and/or the Trustee, or (ii) the Settlement Agreement is approved without material modification by the District Court, but such approval as to Elevate is later reversed or vacated on appeal, then (a) the Litigation Trust and Elevate shall each have the right to withdraw from the Settlement Agreement and return to the *status quo ante* as of the dates that it initiated the Adversary Proceedings for all litigation purposes, as if no agreement had been negotiated or entered into, (b) the parties to this agreement shall not be deemed to have waived any substantive or procedural rights of any kind that they may have as to each other, and (c) the Elevate Monetary Consideration shall be refunded to Elevate within 15 days of a written demand by Elevate.

6.      In the event of non-payment of the Settling Shareholder Monetary Consideration, the Settlement Agreement and this Consent to Settlement and Release Agreement shall be null and void solely as to the Settling Shareholder Defendant(s) who failed to make its/their required payment(s) provided that: (1) the Litigation Trustee provide written notice of the default to the Settling Shareholder Defendants' counsel; and (2) the non-compliant Settling Shareholder Defendant(s) do not cure the non-payment within 10 days. If the non-compliant Settling

Shareholder Defendant(s) do not cure the default within 10 days, the stay as to the non-compliant Settling Shareholder Defendant(s) shall terminate in the Shareholder Case solely as to that Settling Shareholder Defendant, and the parties hereto shall meet and confer about new deadlines for a scheduling order. Likewise, in the event that the (i) District Court in *Gibbs et al. v. Elevate Credit, Inc.*, Case No. 3:20-cv-632 declines to preliminarily or finally approve the Settlement Agreement, or requires material modification of the Settlement Agreement that is not acceptable to the Parties, or (ii) the Settlement is approved without material modification by the District Court, but such approval is later reversed or vacated on appeal, then (a) the Litigation Trust and the Settling Shareholder Defendants shall each have the right to withdraw from the Settlement and return to the *status quo ante* as of the dates that it initiated the Adversary Proceedings for all litigation purposes, as if no agreement had been negotiated or entered into, (b) the parties to this agreement shall not be deemed to have waived any substantive or procedural rights of any kind that they may have as to each other, and (c) the Settling Shareholder Monetary Consideration shall be refunded to the respective Settling Shareholder Defendants within 15 days of a written demand by the Settling Shareholder Defendants;

7.      Upon full payment of the Stock Purchase and the Elevate Monetary Consideration, the Litigation Trust further acknowledges and agrees that, as a result of its Consent to Settlement Agreement and due to the consideration provided to the members of the Settlement Class, the Litigation Trustee, on behalf of the Litigation Trust, its officers, directors, agents, employees, attorneys, successors, affiliates, beneficiaries, and assigns (collectively, the "Releasing Parties") fully and finally release and forever discharge any and all claims and causes of action against Elevate, its subsidiaries, and each of their respective current and former officers, directors, agents, employees, attorneys, successors, affiliates, heirs, and assigns (collectively, the "Elevate Released

Parties") that arise from or relate to, in any way, the operations of Think Finance and/or Elevate Credit, including all claims and causes of action that were brought or could have been brought in the Actions (the "Released Claims"). The Elevate Released Parties specifically include Christopher Lutes, Sarah Cutrona, Jason and Daria Harvison, Cutrona Charitable Foundation, and Starfish Private Foundation. The Released Claims include any and all claims related to the Actions and/or in any way related to the operations of Think Finance and/or Elevate Credit, whether known or unknown, fixed or contingent, liquidated or unliquidated, and shall include any existing claims filed by the Consumer Plaintiffs in the California Action (including all Settlement Class Members), the Consumer Plaintiffs in the Virginia Action (including all Settlement Class Members), and/or the Litigation Trust against any of the Elevate Released Parties. The Trustee, on behalf of the Litigation Trust, will dismiss with prejudice all claims against the Elevate Released Parties that are asserted against such parties within 10 days after the Elevate Monetary Consideration and Stock Purchase are paid in full.

8.      Upon full payment of the Settling Shareholder Monetary Consideration, the Litigation Trust further acknowledges and agrees that, as a result of its Consent to Settlement Agreement and due to the consideration provided to the members of the Settlement Class, the Trustee, on behalf of the Litigation Trust, fully and finally releases and forever discharges any and all claims and causes of action against SCV, John Dean, Robert Rees, Amy Young, Linda Stinson, Michael Stinson, Hannah S. Head, Molly M. West, Tod A. Stinson, Tyler W.K. Head, Jeff S. West, Jill Stinson, Corbett Capital, LLC, and Buckaroo Art, LLC, The Tyler W.K. Head Trust dated March 20, 2014, the Linda and Mike Stinson Irrevocable Asset Trust dated December 2, 2009, the Stinson 2009 Grantor Retained Annuity Trust, Startup Capital Ventures, L.P., Startup Capital Ventures Management, LLC, Startup Capital Ventures LLC, Stephen J. Shaper, Sue Shaper,

Shaper Family Partnership No. 1, Ltd., the Stephen and Sue Shaper Descendants Trust U/T/A Dated Dec 7, 2012, ShaperGP, LLC, Middlemarch Capital Corporation, 7HBF No. 2, Ltd., 7HBF, Ltd., 7HBF Management Co., Ltd., John H. Harvison, John D. Harvison, Jason Harvison, Associated Properties-GP, LLC, HCT #2, LP, John H. Harvison, John H. Harvison Dynasty Trust, Glenda Sue Harvison, Glenda Sue Harvison Dynasty Trust, Jove Investments, Ltd., Harvison Family Irrevocable Trust, Randall W. Harvison, Randall W. Harvison Dynasty Trust, Kay L. Parker, Kay L. Parker Dynasty Trust, Michael G. Harvison, Michael G. Harvison Dynasty Trust, Hope E. Harvison Anthony, Hope Harvison Anthony Dynasty Trust, Hollie B. Harvison, Hollie B. Harvison Dynasty Trust, Stacie Woodcock, together with each of their respective current and former officers, directors, general partners, limited partners, managers, members, agents, employees, attorneys, successors, affiliates, parents, subsidiaries, heirs, beneficiaries, and assigns (collectively, the "Released Parties"), from any and all claims that were brought or could have been brought in the Actions, and from any and all claims relating to or arising from, in any way, the operations of Think Finance and/or Elevate Credit, whether arising under local, state, tribal or federal law (including, without limitation, under any consumer protection or unfair and deceptive practices laws and all claims for fraudulent transfer/fraudulent conveyance, and all claims arising under the United States Bankruptcy Code), whether by constitution, statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated the ("Released Claims"). The "Shareholder Released Parties" shall not include L. Stephen Haynes, Sovereign Business Solutions, and Haynes Investments, LLC. The Released Claims include any and all claims related to the Actions and/or in any way related to the operations of Think Finance and/or Elevate Credit, whether known or unknown, fixed or contingent, liquidated or unliquidated, and shall include any

existing claims filed by the Consumer Plaintiffs in the California Action (including all Settlement Class Members), the Consumer Plaintiffs in the Virginia Action (including all Settlement Class Members), and/or the Litigation Trust against any of the Shareholder Released Parties. The Litigation Trust will dismiss with prejudice all claims against any of the Shareholder Released Parties that are asserted against any of the Shareholder Released Parties within 10 days after the Settling Shareholder Monetary Consideration is paid in full by the respective Shareholder Released Party.

9. Upon final approval of the Settlement Agreement, Elevate and the Settling Shareholder Defendants, and their respective parents, subsidiaries, affiliates, successors, assigns, heirs, officers, and directors as might be applicable to each of them, shall forever irrevocably release, waive, acquit and forever discharge the Litigation Trust, Litigation Trustee, estates, and their respective successors, assigns, as well as the professionals retained by the Litigation Trust, Trustee and Committee, from any and all demands, claims, actions, causes of action, rights, liabilities, obligations, suits, damages, or controversies whether known or unknown related to the Actions, including:

a. the claims asserted by Elevate in Proof of Claim No. 1264 filed on January 7, 2020 in the Think Finance, LLC cases and any claim that Elevate might otherwise be entitled to assert under 11 U.S.C. § 502(h). Proof of Claim No. 1264 shall be deemed disallowed in its entirety and Elevate shall consent to the entry of an Order disallowing the claims, which shall be expunged from the claims registry;

b. the claims asserted by Linda Stinson in Proof of Claim Nos. 1230, 1231, 1232, 1233, 1234, 1235, 1236 filed on May 24, 2019, and 1258 filed on January 9,

2020, and Michael Stinson in Proof of Claim Nos. 1223, 1224, 1225, 1226, 1227, 1228, 1229 filed on May 24, 2019, and 1261 filed on January 9, 2020, in the Think Finance, LLC cases and any claim that Elevate might otherwise be entitled to assert under 11 U.S.C. § 502(h).  These Proof of Claims shall be deemed disallowed in their entirety and Linda Stinson and Michael Stinson shall consent to the entry of an Order disallowing the claims, which shall be expunged from the claims registry;

    c.   the claims asserted by Stephen Shaper in Proof of Claim Nos. 1251, 1252, 1253, 1254, 1255, 1256, 1257 filed on May 24, 2019, and 1263 filed on January 9, 2020, in the Think Finance, LLC cases and any claim that Stephen Shaper might otherwise be entitled to assert under 11 U.S.C. § 502(h).  These Proof of Claims shall be deemed disallowed in their entirety and Stephen Shaper shall consent to the entry of an Order disallowing the claims, which shall be expunged from the claims registry;

    d.   the claims asserted by 7HBF No.2, Ltd in Proof of Claim Nos. 1237, 1238, 1239, 1240, 1241, 1242, 1243 filed on May 24, 2019, and 1260 filed on January 9, 2020, in the Think Finance, LLC cases and any claim that 7HBF No.2, Ltd might otherwise be entitled to assert under 11 U.S.C. § 502(h).  These Proof of Claims shall be deemed disallowed in their entirety and 7HBF No.2, Ltd shall consent to the entry of an Order disallowing the claims, which shall be expunged from the claims registry.

10.    The Litigation Trust's approval of to this Consent to Settlement and Release is conditioned upon the Litigation Trust's portion of the Monetary Consideration being transferred

to the Litigation Trust for the purpose of administration in accordance with the Settlement Agreement, Plan and Litigation Trust Agreement.

11.     The Litigation Trust agrees that counsel for the Litigation Trust will not receive payment pursuant to a Rule 23 Settlement, but in accordance with the procedures set forth in the confirmed Plan and Litigation Trust Agreement under which the Litigation Trust was created. As reflected in the Settlement Agreement, the parties hereto recognize that counsel for the Litigation Trust shall be paid as consideration for the services rendered and expenses incurred in its prosecution of the Adversary Proceedings against the Releasees, that were transferred to the Litigation Trust. Elevate and the Settling Shareholder Defendants have no responsibility for the payment of any costs or attorneys' fees incurred by the Litigation Trust, and under no circumstances will Elevate and/or the Settling Shareholder Defendants be required to make any payments beyond the Monetary Consideration as set forth in the Settlement Agreement.

12.     It is expressly recognized and accepted by the Litigation Trust that the Elevate Released Parties and the Shareholder Released Parties deny any liability, and that this settlement is solely to avoid the cost and inconvenience of litigation.

13.     Neither this Consent to Settlement and Release, nor any act performed or document executed pursuant to or in furtherance of the agreement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim, or of any wrongdoing or liability; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Releasees in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  In addition, except for purposes of demonstrating the validity of this Consent to Settlement and Release or its terms, this agreement may not be used as evidence for any purpose whatsoever.  The Releasees may file this Consent to Settlement and

Release in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.     This Consent to Settlement and Release shall be governed by, construed, and enforced in accordance with the laws of the state of Texas, including all matters of construction, validity, performance, and enforcement and without giving effect to the principles of conflict of laws.

15.     This Consent to Settlement and Release may be executed in one or more counterparts and, if so executed, the various counterparts shall be and constitute one instrument for all purposes and shall be binding on each of the parties that executed it, provided, however, that none of the parties shall be bound unless and until all parties have executed this Agreement. For convenience, the several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Consent may be treated as originals.

16.     In the event of any dispute regarding this Consent to Settlement and Release, the Bankruptcy Court shall have exclusive jurisdiction to resolve such dispute.

17.     All requests, demands, claims, and other communications hereunder shall: (a) be in writing; (b) delivered by U.S. mail and electronic mail; (c) be deemed to have been duly given on the date received; and (d) be addressed to the intended recipient as set forth below:

If to Litigation Trustee:

Gary H. Leibowitz, Esquire
Cole Schotz P.C.
300 E. Lombard Street, Suite 1450
Baltimore, MD 21202
gleibowitz@colechotz.com

If to Elevate or Settling Shareholder Defendants:

Reese Marketos LLP
Joel W. Reese
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201
joel.reese@rm-firm.com

with a copy to:

Armstrong Teasdale LLP
Richard L. Scheff
2005 Market Street
One Commerce Square, Floor 29
Philadelphia, PA 19103
rlscheff@atllp.com

Each of the parties may change the address to which requests, demands, claims, or other communications hereunder are to be delivered by giving the other parties notice in the manner set forth herein.

Dated: _____Feb. 4_____, 2022

**RUSSELL F. NELMS, LITIGATION TRUSTEE FOR THE THINK FINANCE LITIGATION TRUST**

By: _____

Russell F. Nelms, in his capacity as the Litigation Trustee

Dated: _____, 2022

**ELEVATE CREDIT, INC.**

By: _____

Dated: _____, 2022

**SARAH FAGIN CUTRONA**
By: _____

Dated: _____, 2022

**CUTRONA CHARITABLE FOUNDATION**

By: _____

If to Elevate or Settling Shareholder Defendants:

Reese Marketos LLP
Joel W. Reese
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201
joel.reese@rm-firm.com

with a copy to:

Armstrong Teasdale LLP
Richard L. Scheff
2005 Market Street
One Commerce Square, Floor 29
Philadelphia, PA 19103
rlscheff@atllp.com

Each of the parties may change the address to which requests, demands, claims, or other

communications hereunder are to be delivered by giving the other parties notice in the manner set

forth herein.


Dated: _____, 2022          **RUSSELL F. NELMS, LITIGATION TRUSTEE FOR THE THINK FINANCE LITIGATION TRUST**

                                           By: _____
                                                  Russell F. Nelms, in his capacity as the
                                                          Litigation Trustee


Dated: _____February 3_____, 2022          **ELEVATE CREDIT, INC.**

                                           By: _____


Dated: _____February 3_____, 2022          **SARAH FAGIN CUTRONA**
                                           By: _____


Dated: _____February 3_____, 2022          **CUTRONA CHARITABLE FOUNDATION**

                                           By: _____

Dated: _____February 3_____, 2022     **CHRISTOPHER LUTES**

                                      By: _____

Dated: _____February 3_____, 2022     **STARFISH PRIVATE FOUNDATION**

                                      By: _____

Dated: _____February 3_____, 2022     **JASON HARVISON**

                                      By: _____

Dated: _____, 2022       **LINDA STINSON**

                                      By: _____

Dated: _____, 2022       **MICHAEL STINSON**

                                      By: _____

Dated: _____, 2022       **STEPHEN J. SHAPER**

                                      By: _____

Dated: _____, 2022       **7HBF NO. 2, LTD.**

                                      By: _____

Dated: _____, 2022       **TYLER W.K. HEAD TRUST**

                                      By: _____

Dated: _____, 2022          **CHRISTOPHER LUTES**

                                           By: _____

Dated: _____, 2022          **STARFISH PRIVATE FOUNDATION**

                                           By: _____

Dated: _____, 2022          **JASON HARVISON**

                                           By: _____

Dated: _February 3rd_____, 2022           **LINDA STINSON**

                                           By: _Linda Stinson_____

Dated: _February 3rd_____, 2022           **MICHAEL STINSON**

                                           By: _____

Dated: _____, 2022          **STEPHEN J. SHAPER**

                                           By: _____

Dated: _____, 2022          **7HBF NO. 2, LTD.**

                                           By: _____

Dated: _February 3rd_____, 2022           **TYLER W.K. HEAD TRUST**

                                           By: _____, VOTING TRUSTEE

60536/0001-42452428v1

Dated: _____, 2022    **CHRISTOPHER LUTES**

By: _____

Dated: _____, 2022    **STARFISH PRIVATE FOUNDATION**

By: _____

Dated: _____, 2022    **JASON HARVISON**

By: _____

Dated: _____, 2022    **LINDA STINSON**

By: _____

Dated: _____, 2022    **MICHAEL STINSON**

By: _____

Dated: _____February 3_____, 2022    **STEPHEN J. SHAPER**

By: _____

Dated: _____, 2022    **7HBF NO. 2, LTD.**

By: _____

Dated: _____, 2022    **TYLER W.K. HEAD TRUST**

By: _____

By: _____

Dated: _____, 2022

**JASON HARVISON**

By: _____

Dated: _____, 2022

**LINDA STINSON**

By: _____

Dated: _____, 2022

**MICHAEL STINSON**

By: _____

Dated: _____, 2022

**STEPHEN J. SHAPER**

By: _____

Dated: 2-3 _____, 2022

**7HBF NO. 2, LTD.**
Associated Properties - GP, LLC
By: _____
Its manager

Dated: _____, 2022

**TYLER W.K. HEAD TRUST**

By: _____

60536/0001-42452428v1